**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARIEL FALCON,

      Plaintiff - Appellant,

v.

JOSEPH SAINT-VELTRI, Esquire,

      Defendant - Appellee.

No. 01-1288

(D. Colorado)

(D.C. No. 99-D-1405)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Ariel Falcon appeals the district court's dismissal of the civil action he brought against defendant Joseph Saint-Veltri. Falcon filed an

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

amended complaint on September 24, 1999, alleging: (1) negligent misrepresentation; (2) breach of fiduciary duty; and (3) fraud. All of the allegations were based on Falcon's retention of Saint-Veltri to represent him in post-conviction matters arising out of a 1984 criminal conviction. *See United States v. Falcon*, 766 F.2d 1469 (10th Cir. 1985).

On July 14, 2000, Saint-Veltri filed a motion to dismiss the breach of fiduciary duty and fraud claims based on Falcon's failure to file a certificate of review pursuant to § 13-20-602 of the Colorado Revised Statutes. The matter was referred to a magistrate judge who recommended that the two claims be dismissed. The magistrate judge also entered an order denying Falcon's motion for the appointment of counsel. The magistrate's recommendation was adopted by the district court and the court entered an order dismissing the claims. The court also affirmed the denial of Falcon's motion for the appointment of counsel. Thereafter, Saint-Veltri filed a motion to dismiss the negligent misrepresentation claim. The district court again adopted the magistrate judge's recommendation and granted the motion. Falcon filed a notice of appeal and a motion to proceed *in forma pauperis* ("*ifp*") on appeal. The district court denied Falcon's *ifp* motion. Falcon has appealed the denial of his *ifp* motion and has filed an additional *ifp* motion with this court. We **grant** Falcon's motion to proceed *in*

*forma pauperis* on appeal, thereby mooting the appeal of the district court's denial of the earlier *ifp* motion.

In this appeal, Falcon asserts two arguments relating to the dismissal of the three claims contained in his complaint. First, he alleges that expert testimony was not required to prove any of the claims; thus, he was not required to provide a certificate of review.[1] Falcon alleges, in the alternative, that letters he obtained from several attorneys were sufficient to satisfy the certificate of review requirement. Falcon also asserts that the court abused its discretion when it refused to appoint counsel to represent him. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** in part and **reverse** in part.

Under Colorado law, a certificate of review must be filed in civil actions where expert testimony is necessary to establish a *prima facie* case of professional negligence. *See Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992); Colo. Rev. Stat. § 13-20-601. The certificate of review must be prepared by a licensed professional who has expertise in the area of the alleged negligent conduct, must state that the professional has reviewed the relevant facts, and must conclude that

---

[1]Although the magistrate judge expressed his belief that Falcon did not raise this argument in opposition to Saint-Veltri's motion to dismiss, our review of the record indicates that Falcon clearly asserted that expert testimony was not necessary to prove any of his claims. In any event, Saint-Veltri does not maintain that the argument is waived.

the plaintiff's claim of negligence does not lack substantial justification. *See* Colo. Rev. Stat. § 13-20-602(3)(a).

We agree with the district court that Falcon's claims alleging negligent misrepresentation and breach of fiduciary duty arise from Saint-Veltri's alleged professional negligence and Falcon would not be able to prove those claims without expert testimony. *See Kelton v. Ramsey*, 961 P.2d 569, 571 (Colo. App. 1998) ("Except in the clearest cases, expert testimony is necessary to establish the standards of acceptable professional conduct in legal malpractice cases."). Thus, a certificate of review was necessary. *See Martinez*, 842 P.2d at 249. We also agree with the district court's conclusion that the letters submitted by Falcon do not meet the certificate of review requirements because they do not: (1) purport to be written by a person with expertise in post-conviction criminal matters; (2) indicate that the author has reviewed the facts relevant to Falcon's claims; and (3) conclude that Falcon's claims do not lack substantial justification. *See* Colo. Rev. Stat. § 13-20-602(a)(3). Thus, we affirm the district court's dismissal of the negligent misrepresentation and breach of fiduciary duty claims for substantially the reasons stated by the district court.

We further conclude, however, that the district court improperly dismissed Falcon's fraud claim. Falcon alleges that he retained Saint-Veltri to provide

professional services and that Saint-Veltri, to date, has not performed the services

or returned Falcon's retainer. In his amended complaint, Falcon alleged,

> On or about December 8, 1988 to March 1, 1999, in the city of
> Denver, State of Colorado, defendant Joseph Saint Veltri made the
> following false and fraudulent representations to Plaintiff: Defendant
> stated that for $15,000.00 retainer he would file a brief to the Tenth
> Circuit Court of Appeals and/or a federal clemency pardon to the
> United States Justice Department Office of Pardons.
>
> The representations made by the defendant were false in that the
> appeal nor the pardon briefs were ever filed.
>
> Defendant, at the time of representation, knew [the representations]
> to be false and made the statements with intent to defraud and
> deceive the Plaintiff and to induce the Plaintiff to retain the
> defendant.

Contrary to Saint-Veltri's argument, Falcon could prove this claim without

presenting expert testimony as to what post-conviction relief Falcon may have

been entitled. Construed liberally,[2] Falcon's claim is not that any action or

inaction on the part of Saint-Veltri was inappropriate in light of the facts and

circumstances of his case. He is, instead, asserting a straight-forward fraud claim

unrelated to either the caliber of any services provided by Saint-Veltri or any

assertions made by Saint-Veltri as to the possibility of success. The claim could

be proved without expert testimony.[3] Thus, while we express no opinion on the

---

[2]Because Falcon is proceeding *pro se*, it is our duty to liberally construe his pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (per curiam).

[3]Saint-Veltri also argues that Falcon's "repeated admissions" that expert
(continued...)

merits of Falcon's fraud claim or whether it was properly pleaded, we nonetheless hold that the district court erred when it concluded that the claim should be dismissed because Falcon failed to file a certificate of review for that claim. Accordingly, we **reverse** that portion of the district court's order dismissing Falcon's fraud claim.

Falcon also appeals the district court's denial of his motion for appointment of counsel. We review the district court's disposition of that motion for an abuse of discretion. *See Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991). We have reviewed the record and considered the arguments of the parties and concluded that the district court did not abuse its discretion when it denied the motion. Accordingly, we **affirm** the denial of Falcon's motion for appointment of counsel for substantially the reasons stated by the district court. In addition,

[3](...continued) testimony was necessary to prove his claims are judicial admissions. Judicial admissions, however, are "formal, deliberate declarations which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." *Kempter v. Hurd*, 713 P.2d 1274, 1279 (Colo. 1986). Falcon's statements are not judicial admissions.

we **deny** the motion for appointment of counsel that Falcon has filed with this court. We also **deny** Falcon's motion to present oral argument.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge