**James ENGLISH and Linda English,**
**Plaintiffs–Appellants,**

v.

**Tiffany GRIFFITH, Defendant–Appellee.**

**No. 02CA2162.**

Colorado Court of Appeals,
Div. II.

March 25, 2004.

Certiorari Denied Oct. 4, 2004.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado; Sears & Swanson, P.C., Lance M. Sears, Colorado Springs, Colorado; Burke & Neuwirth, P.C., Dean S. Neuwirth, Denver, Colorado, for Plaintiffs–Appellants.

Denis K. Lane, Jr., Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge PICCONE.

In this action arising from the suicide of their son, plaintiffs, James English and Linda English, appeal the judgment dismissing their complaint against defendant, Tiffany Griffith, for failure to state a claim for relief. We affirm.

Plaintiffs commenced this action as the sole surviving heirs of their son (the decedent). The amended complaint alleged that defendant "knew that [the decedent] was susceptible to emotional distress because of his multiple sclerosis, depression and suicidal thoughts." It further alleged that the decedent had invited defendant and her daughter to live with him in his residence and that, at some later time, he asked defendant to leave and she refused. The complaint then alleged that by entering into, and continuing, an argument with the decedent and refusing to leave the residence, defendant "caused [the decedent] severe emotional distress to the point where he was unable to prevent himself from taking his own life." Plaintiffs asserted claims for outrageous conduct, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress.

Defendant filed a motion pursuant to C.R.C.P. 12(b)(5) seeking to dismiss the complaint for failure to state a claim for relief. The trial court granted defendant's motion, dismissed the action, and awarded defendant attorney fees pursuant to § 13–17–201, C.R.S.2003, and costs.

Plaintiffs contend that the trial court erred in dismissing the complaint. We disagree.

I.

Initially, we note there is disagreement concerning whether some or all of plaintiffs' claims were asserted as survival claims pursuant to § 13–20–101, C.R.S.2003, or wrongful death claims pursuant to § 13–21–201, et seq., C.R.S.2003. The trial court concluded that two of the claims were survival claims and dismissed them because such claims must be asserted by the decedent's estate or personal representative. *See* § 13–20–101; *Espinoza v. O'Dell,* 633 P.2d 455, 466 (Colo. 1981).

Because we conclude, albeit for different reasons, that dismissal of all plaintiffs' claims was proper under C.R.C.P. 12(b)(5), we need not address this issue. *See Steamboat Springs Rental & Leasing, Inc. v. City & County of Denver,* 15 P.3d 785 (Colo.App. 2000)(an appellate court may affirm a correct judgment based on reasoning different from that relied on by the trial court); *Wagner v. Hilkey,* 914 P.2d 460 (Colo.App.1995)(a correct judgment will not be disturbed on review even if the reviewing court's analysis differs from that of the trial court), *aff'd,* 933 P.2d 1311 (Colo.1997).

II.

In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), all averments of material fact must be accepted as true, and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dorman v. Petrol Aspen, Inc.,* 914 P.2d 909, 911 (Colo.1996). The court must consider only matters stated in the complaint and must not go beyond the confines of the pleading. *Fluid Tech., Inc. v. CVJ Axles, Inc.,* 964 P.2d 614, 616 (Colo.App.1998). While motions to dismiss for failure to state a claim are viewed with disfavor, they may properly be granted where it appears beyond doubt that the plaintiff can prove no set of facts to sustain the claim. We review a trial court's determination on a motion to dismiss de novo. *Fluid Tech., Inc. v. CVJ Axles, Inc., supra.*

We now address each of plaintiffs' claims for relief.

## A. Outrageous Conduct and Intentional Infliction of Emotional Distress

Plaintiffs acknowledge their claims of outrageous conduct and intentional infliction of emotional distress are simply "two ways of stating the same claim." We agree and address these claims as a single claim for relief.

■ The elements of a claim for outrageous conduct are (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused the plaintiff to suffer severe emotional distress. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994); *see also Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo.1999)(describing this tort as "intentional infliction of emotional distress by outrageous conduct"). "Outrageous conduct" is defined as conduct that is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d at 882 (quoting *Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo.1988)); *see Coors Brewing Co. v. Floyd, supra.*

■ Although the question whether conduct is outrageous is generally one of fact to be determined by a jury, the trial court is initially responsible for determining whether reasonable persons could differ on the question. *See Culpepper v. Pearl St. Bldg., Inc., supra.*

■ Here, plaintiffs alleged defendant knew the decedent was susceptible to emotional distress because of his multiple sclerosis, depression, and suicidal thoughts. They further alleged that defendant "engaged in extreme and outrageous conduct by, among other things, entering into, and continuing, an argument with [the decedent] and by refusing to leave [the decedent's] residence."

Assuming that these allegations are true and viewing them in the light most favorable to plaintiffs, we nevertheless conclude that reasonable people could not find that defendant's alleged conduct was atrocious or utterly intolerable. Even accepting that defendant was aware of the decedent's depressive and suicidal thoughts, we agree with the trial court that defendant's refusal to leave the residence the two shared and commencing or continuing an argument with the decedent were not sufficiently extreme or outrageous to support a claim for relief. *See, e.g., Rowe v. Marder*, 750 F.Supp. 718, 727 (W.D.Pa.1990)(allegations that defendant gave guidance to decedent who was emotionally unstable, subsequently withdrew such guidance, and told decedent not to seek professional help despite her earlier talk of suicide were insufficient as a matter of law to state claim for intentional infliction of emotional distress, even if defendant acted maliciously), *aff'd*, 935 F.2d 1282 (3d Cir.1991); *see also Coors Brewing Co. v. Floyd, supra* (employer's alleged conduct of instructing employee to conduct illegal undercover narcotics investigation, laundering money to fund investigation, and firing employee as scapegoat to cover up involvement in criminal activity was not sufficiently outrageous to support employee's outrageous conduct claim).

Consequently, we conclude that the trial court properly dismissed these claims. *See Culpepper v. Pearl St. Bldg., Inc., supra.*

## B. Negligence

We also perceive no error in the trial court's dismissal of plaintiffs' claim for negligence.

■ The elements of a negligence claim are a legal duty, a breach of the duty, causation, and damages. *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo.1992). A negligence claim fails when it is based on circumstances for which the law does not impose a duty. *See Greenberg v. Perkins*, 845 P.2d 530, 533 (Colo.1993). Whether a legal duty is owed by a particular defendant to a particular plaintiff and the scope of any such duty are questions of law that must be determined by the court. *Perreira v. State*, 768 P.2d 1198, 1208 (Colo.1989); *Swieckowski v. City of Fort Collins*, 923 P.2d 208, 211 (Colo.App. 1995), *aff'd*, 934 P.2d 1380 (Colo.1997).

In determining whether the law imposes a duty on a defendant, relevant factors include (1) the risk involved; (2) the foreseeability of harm to others and likelihood of injury as weighed against the social utility of the actor's conduct; (3) the magnitude of the burden of guarding against the injury or harm; and (4) the consequences of placing the burden on the actor. *Bath Excavating & Constr. Co. v. Wills,* 847 P.2d 1141, 1147 (Colo.1993).

A court may consider any other relevant factors based on the competing individual and societal interests implicated by the facts of the case. *Perreira v. State, supra.* The question is one of fairness under contemporary standards, that is, whether reasonable persons would recognize and agree that a duty of care exists. *Taco Bell, Inc. v. Lannon,* 744 P.2d 43, 46 (Colo.1987).

Here, assuming there were some risk of harm based upon defendant's knowledge the decedent was susceptible to emotional distress, we conclude that the foreseeability or likelihood of injury resulting from defendant's alleged conduct was extremely low, whereas the burden of guarding against injury under these circumstances is substantial. An individual, such as defendant, cannot reasonably be expected to anticipate the mental health consequences that may flow from otherwise ordinary conduct such as the argument that allegedly occurred here. The scope of potentially injurious conduct would be too broad. Placing such a burden on defendant under these circumstances would, in our view, create an unreasonable risk of liability.

We note plaintiffs did not allege that a special relationship existed between defendant and the decedent. In Colorado, absent a special relationship, a person generally has no duty to take action for the protection of another even if it is reasonably apparent that such action is necessary to protect the other person from injury or peril. *See Perreira v. State, supra,* 768 P.2d at 1210; *Solano v. Goff,* 985 P.2d 53, 54 (Colo.App.1999); Restatement (Second) of Torts § 314 (1965). Special relationships typically involve circumstances in which the defendant either had a treating or supervisory relationship with the decedent or maintained custodial control over the decedent's environment. These cases are distinguishable from the present case as they typically include circumstances in which the duty alleged was to prevent suicide. This is different from the duty alleged here. *See, e.g., Edwards v. Tardif,* 240 Conn. 610, 618, 692 A.2d 1266, 1270 (1997)(physician-patient); *Eisel v. Bd. Of Educ.,* 324 Md. 376, 393, 597 A.2d 447, 456 (1991)(school counselor-student); *Cockrum v. State,* 843 S.W.2d 433, 435 (Tenn.Ct.App.1992)(prison-inmate); *see also McLaughlin v. Sullivan,* 123 N.H. 335, 337, 461 A.2d 123, 124 (1983)(classes of defendants that potentially owe such a duty include jails, hospitals, mental hospitals, reform schools, psychiatrists, and other mental health trained professionals). Because plaintiffs did not allege that a special relationship existed between defendant and the decedent, we express no opinion on the effect such a relationship might have under similar circumstances. *See also Chalhoub v. Dixon,* 338 Ill.App.3d 535, 272 Ill.Dec. 860, 788 N.E.2d 164 (2003)(stepfather had no duty to foresee and avoid stepson's suicide even though he knew stepson was suffering from severe depression and had threatened to commit suicide); *Webstad v. Stortini,* 83 Wash.App. 857, 924 P.2d 940 (1996)(host who had been romantically involved with guest had no statutory or common law duty and no "special relationship" giving rise to a duty so as to create liability for negligence for failing to prevent guest from committing suicide).

Plaintiffs argue that the duty alleged here was not a duty to prevent or assist in preventing the decedent's suicide but rather a duty not to cause the decedent to experience an uncontrollable impulse to commit suicide. Plaintiffs assert this would be a "new legal duty in Colorado" based upon Restatement (Second) of Torts § 455 (1965), which provides as follows:

If the actor's negligent conduct so brings about the delirium or insanity of another as to make the actor liable for it, the actor is also liable for harm done by the other to himself while delirious or insane, if his delirium or insanity

(a) prevents him from realizing the nature of his act and the certainty or risk of harm involved therein, or

(b) makes it impossible for him to resist an impulse caused by his insanity which deprives him of his capacity to govern his conduct in accordance with reason.

Contrary to plaintiffs' assertion, Restatement § 455 does not set forth a duty, but describes a rule of causation. Indeed, this section is located in a portion of the Restatement titled "Legal Cause" and subtitled "Causal Relation Affecting the Extent of Liability But Not Its Existence."

Restatement § 455 presupposes an existing legal duty and breach of that duty and addresses causation and the extent of liability flowing from "negligent conduct." Thus, it sets forth a factual scenario under which the general causation rule viewing suicide as an intervening or superseding event should not apply. *See Edwards v. Tardif, supra,* 240 Conn. at 619, 692 A.2d at 1271 (describing Restatement § 455 as uncontrollable impulse exception to the rule for those cases in which suicide constitutes an independent intervening cause that precludes liability).

Because we conclude that defendant did not owe the decedent a legal duty under the circumstances of this case, we need not address the issue of causation generally or the specific causation rule contained in Restatement § 455. *See Shaw v. Gen. Motors Corp.,* 727 P.2d 387, 391 (Colo.App.1986)(absent a duty of care, trial court properly dismissed plaintiff's claims of negligence).

We conclude the trial court properly dismissed plaintiffs' negligence claim on the ground that defendant did not owe the decedent a duty of care under these circumstances.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and

### C. Negligent Infliction of Emotional Distress

█ We also perceive no error in the trial court's dismissal of plaintiffs' claim for negligent infliction of emotional distress.

█ The tort of negligent infliction of emotional distress is predicated upon a viable claim that the defendant negligently violated a legal duty of care owed to the plaintiff. *See Slovek v. Bd. of County Comm'rs,* 697 P.2d 781, 783 (Colo.App.1984) (plaintiff must have been subjected to an unreasonable risk of bodily harm because of the negligence of another), *aff'd,* 723 P.2d 1309 (Colo.1986).

Here, dismissal was appropriate because defendant owed the decedent no legal duty upon which a negligence claim could be based. *See Biel v. Alcott,* 876 P.2d 60, 63 (Colo.App.1993)(summarily affirming dismissal of negligent infliction of emotional distress claim after previously concluding that no negligence-based legal duty existed).

Finally, because we have determined that the trial court properly dismissed plaintiffs' complaint pursuant to C.R.C.P. 12(b)(5), we conclude that the award of attorney fees pursuant to § 13–17–201, and costs, also was appropriate.

The judgment is affirmed.

Judge NIETO and Justice ERICKSON * concur.

§ 24–51–1105, C.R.S.2003.