**Lupita A. GIRON, Plaintiff–Appellant,**

v.

**Douglas D. KOKTAVY, Esquire; Douglas D. Koktavy, P.C., a professional corporation; Charles H. Torres, Esquire; and Charles H. Torres, P.C., a professional corporation, Defendants–Appellees.**

No. 02CA0617.

Colorado Court of Appeals,
Div. II.

Feb. 24, 2005.

Rehearing Denied June 16, 2005.

Certiorari Denied Dec. 19, 2005.*

---

* Justice BENDER would grant as to the following issue:

Whether the court of appeals erred in holding, as a matter of first impression, that § 13-20-602, C.R.S., does not require the filing of a certificate of review - particularly in the circumstances presented in this case - when an attorney no longer retained by plaintiff does not file a claim within the applicable statute of limitations and plaintiff has formally retained new counsel to pursue her claim.

Whether the court of appeals erred in holding that § 13-20-602, C.R.S., did not require the filing of a certificate of review concerning the scope of any duty, authority, or ability the Torres defendants may have had either to file a claim on plaintiff's behalf, or to decide not to do so, in light of plaintiff's exclusive attorney-client contingent fee agreement with new counsel that precluded the Torres defendants' involvement in plaintiff's case unless she approved it in writing. Whether the court of appeals erred in holding that § 13-20-602, C.R.S., did not require the filing of a certificate of review because, in that court's view, the nature of the relationship between plaintiff and the Torres defendant's was not complex.

Whether expert testimony is necessary in a legal malpractice action to allow the jury to determine whether an attorney-client relationship exists.

Silvern Law Offices, P.C., Thomas A. Bulger, Sunshine S. Benoit, Denver, Colorado, for Plaintiff–Appellant.

Cooksey & Cooksey, P.A., Michael G. Cooksey, Denver, Colorado, for Defendants–Appellees Douglas D. Koktavy, Esquire and Douglas D. Koktavy, P.C.

Grund & Nelson, P.C., John W. Grund, Stephen E. Morse, Denver, Colorado, for Defendants–Appellees Charles H. Torres, Esquire and Charles H. Torres, P.C.

TAUBMAN, J.

In this dispute involving alleged attorney malpractice, plaintiff, Lupita A. Giron, appeals the trial court's judgment granting the motion to dismiss of defendants, Douglas Koktavy, Douglas Koktavy, P.C. (collectively Koktavy), Charles Torres, and Charles Torres, P.C. (collectively Torres), for failure to file a certificate of review. We affirm in part, reverse in part, and remand for further proceedings.

## I.  Background

Both Charles Torres and Douglas Koktavy are attorneys licensed to practice law in Colorado.

On November 4, 1998, Giron was allegedly assaulted at a local bar, the Sheridan Saloon (Sheridan). Giron identified two employees of the bar, Lawrence Faulkner and Jennifer Reeves, as her assailants.

In November 1998, Giron contacted Torres regarding the injuries she allegedly suffered from the assault. It is unclear from the record what type of fee agreement, if any, was entered into by Torres and Giron. However, in August 1999, Giron retained Koktavy to represent her in bringing an action against the Sheridan, Faulkner, and Reeves for injuries she sustained in the November 1998 incident.

Giron's claims were subject to a one-year statute of limitations. On November 15, 1999, eleven days after the statute of limitations had expired, Koktavy sent Giron a letter indicating that he would no longer assist Torres in pursuing her claim. Torres asserted in the trial court that he had terminated any attorney-client relationship with Giron before the statute of limitations expired.

Giron filed suit against both Koktavy and Torres, alleging breach of fiduciary duty and professional negligence. Giron also asserted a claim for exemplary damages. Both Koktavy and Torres moved for dismissal based

on Giron's failure to file a certificate of review as required by Colorado's professional negligence statute, § 13–20–602(1), C.R.S. 2004. The trial court granted both motions, and this appeal followed.

## II. Attorney Malpractice Against Koktavy

Giron contends that the trial court erred in granting Koktavy's motion to dismiss because she was not required to file a certificate of review for an attorney malpractice claim based upon the attorney's failure to file a claim within the applicable statute of limitations. Koktavy contends that Giron was required to file a certificate of review and that, even if she was not required to do so, she has failed to prove that she suffered any injury from Koktavy's failure to file her claim within the one-year statute of limitations. We agree in part with both parties.

### A. Giron's Claims Against Faulkner and the Sheridan

■ To sustain an attorney malpractice claim founded on negligence, a plaintiff must establish that (1) the attorney owed a duty of care to the plaintiff, (2) the attorney breached that duty, and (3) the breach proximately caused damage to the plaintiff. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 83 (Colo.1999). "Breach of fiduciary duty claims are in some, but not all, contexts basically negligence claims incorporating particularized and enhanced duty of care concepts often requiring the plaintiff to establish the identical elements that must be established by a plaintiff in negligence actions." *Martinez v. Badis*, 842 P.2d 245, 251–52 (Colo.1992).

■ To establish causation in a legal malpractice action, the plaintiff must prove a "case within a case." In other words, the plaintiff must demonstrate that the attorney's negligence caused harm to the plaintiff because the underlying suit would have been successful. *Luttgen v. Fischer*, 107 P.3d 1152, 2005 WL 82040 (Colo.App. No. 03CA1739, Jan. 13, 2005).

■ Some time after Koktavy sent Giron the November 15 letter telling her that he was no longer representing her, Giron re-tained a new attorney. Her new attorney filed a lawsuit on her behalf in June 2000, asserting claims which arose from the November 1998 incident against the Sheridan, Faulkner, and Reeves, despite the fact that the statute of limitations had expired.

The Sheridan failed to file an answer, a default judgment was entered against it, and therefore, it waived the statute of imitations as a defense. *See Zertuche v. Montgomery Ward & Co.*, 706 P.2d 424 (Colo.App.1985)(statute of limitations is waived if not pleaded as an affirmative defense).

Faulkner filed his answer to Giron's complaint pro se. He failed to assert the statute of limitations as an affirmative defense and, therefore, also waived that defense to Giron's claim. *See Zertuche, supra.*

Because Giron has litigated her claims against the Sheridan and Faulkner without suffering harm from the prior running of the statute of limitations, we conclude that she has not suffered any injury from Koktavy's failure to file her claim against them within the statute of limitations. Accordingly, on this basis, we affirm the dismissal of Giron's claims against Koktavy with respect to the Sheridan and Faulkner.

### B. Giron's Claim Against Reeves

■ Giron entered into a settlement agreement with Reeves. Giron received no money in that settlement agreement, and both she and Reeves released any and all claims they had or may have had against each other. Although not alleged in her briefs on appeal, Giron asserted in the trial court and at oral argument that she might have obtained a more favorable settlement with Reeves had Koktavy filed the lawsuit against her within the applicable statute of limitations. Giron contends this is so because Reeves raised the statute of limitations defense during litigation.

Because Giron may have been injured by Koktavy's failure timely to file a complaint against Reeves, we must address Koktavy's argument that the trial court properly dismissed Giron's complaint for failure to file a certificate of review.

■ A certificate of review verifies that the plaintiff has consulted with an expert in the relevant area who has concluded that the plaintiff's claim does not lack substantial justification. *Williams v. Boyle*, 72 P.3d 392 (Colo.App.2003). "Except in clear and palpable cases, expert testimony is necessary to establish the standards of acceptable professional conduct, deviation from which would constitute legal malpractice." *Boigegrain v. Gilbert*, 784 P.2d 849, 850 (Colo.App.1989).

■ The trial court has discretion to determine whether a certificate of review is required under the circumstances. *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623 (Colo.1999). However, failure to file a certificate of review, where required, must result in dismissal of the claim. Section 13–20–602(4), C.R.S.2004; *Baumgarten v. Coppage*, 15 P.3d 304 (Colo.App.2000).

Section 13–20–602(1) provides in part:

> In every action for damages or indemnity based upon the alleged professional negligence of ... a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each ... licensed professional named as a party ... within sixty days after the service of the complaint ... against such person unless the court determines that a longer period is necessary for good cause shown.

■ Although this provision states that a certificate of review must be filed in every action based upon professional negligence, a certificate of review is necessary only for those claims of professional negligence which require expert testimony to establish a prima facie case. Section 13–20–601, C.R.S.2004; *see Shelton v. Penrose/St. Francis Healthcare Sys., supra* (no certificate of review needed for patient's claim that nurses' negligence in lifting her from chair to bed caused extreme pain and hip dislocation); *Baumgarten v. Coppage, supra* (reversing trial court's dismissal of plaintiff's claim where appellate court determined that no expert testimony and, therefore, no certificate of review was required to show real estate brokers breached statutory duty of disclosure).

Whether a certificate of review is required when a plaintiff alleges that an attorney failed to file an action within the applicable statute of limitations is a matter of first impression in Colorado. Although not considering the requirements of a certificate of review statute, courts in numerous other states have addressed a related question and concluded that expert testimony is not required to establish an attorney's negligence in failing to file a client's claim within the applicable statute of limitations. *See O'Neil v. Bergan*, 452 A.2d 337 (D.C.1982)(allowing the statute of limitations to run on a client's claim is such an act that the care and skill required is within the jury's common knowledge); *Allyn v. McDonald*, 112 Nev. 68, 910 P.2d 263, 266 (1996)("[t]he situation whereby an attorney has allowed the statute of limitations to run against his or her client's cause of action is an example of the sort of negligence so apparent as to make expert evidence as to the standard of care and deviation therefrom unnecessary"); *George v. Caton*, 93 N.M. 370, 600 P.2d 822, 829 (Ct. App.1979)("[i]t does not require expert testimony to establish the negligence of an attorney who is ignorant of the applicable statute of limitations or who sits idly by and causes the client to lose the value of his claim for relief"); *Little v. Matthewson*, 114 N.C.App. 562, 442 S.E.2d 567 (1994)(claim based on an attorney's failure to file within the applicable statute of limitations is of such a nature that laypersons could determine the standard of care required, a departure therefrom, or proximate causation), *aff'd*, 340 N.C. 102, 455 S.E.2d 160 (1995); *James V. Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90, 97 (Tex. App.2002)("[t]he most common example of a case requiring no expert testimony is one in which an attorney allows the statute of limitations to run on a client's claim").

We agree with these decisions.

Accordingly, we conclude that Giron was not required to file a certificate of review under § 13–20–602(1) to establish the standard of care regarding Koktavy's failure to file a case within the applicable statute of limitations.

It is undisputed in this case that Koktavy failed to inform Giron about his decision not

to file her lawsuit until after the statute of limitations had already run. Therefore, we do not address whether a certificate of review was required to establish whether the attorneys had a duty to inform Giron that they had decided not to file a lawsuit on the client's behalf because they believed the case lacked sufficient merit.

Consequently, we conclude that the trial court erred in dismissing Giron's complaint against Koktavy based on Koktavy's failure timely to file the claim against Reeves.

### III. Attorney Malpractice Against Torres

Giron argues that she was not required to file a certificate of review for her claims based upon Torres's failure to file a complaint within the applicable statute of limitations, and therefore, the trial court erred in granting Torres's motion to dismiss. Torres contends that the trial court correctly granted his motion to dismiss because to sustain her claim, Giron was required to file a certificate of review regarding whether an attorney-client relationship existed between her and Torres at the relevant time. We agree with Giron only that no certificate of review was required with respect to her claim against Reeves, but on different grounds.

#### A. Giron's Claims against Faulkner and the Sheridan

Because we determined that Giron suffered no injury from Koktavy's failure to file her case within the statute of limitations, this conclusion applies equally to Torres with regard to Faulkner and the Sheridan.

#### B. Giron's Claim Against Reeves

■ Giron has sufficiently alleged that Torres was representing her at the time the statute of limitations ran on her claim. While a certificate of review may be required to determine the scope of an attorney-client relationship, see *Martinez v. Badis, supra,* 842 P.2d at 252, § 13–20–602(1) does not require a certificate of review to show the existence of such a relationship.

A certificate of review is required to establish that a claim does not lack substantial justification. See *Williams v. Boyle, supra; see also State v. Nieto,* 993 P.2d 493 (Colo.2000)(setting forth purposes of certifi-

cate of review requirement). Consequently, whether an attorney negligently represented a client is premised on the existence of an attorney-client relationship, and a certificate of review is not needed to show that a particular attorney was representing a particular client at a specified time.

Here, Torres is free to attempt to establish through a motion for summary judgment or at trial that he did not represent Giron when the statute of limitations expired. This is a matter of proof for which neither a certificate of review nor expert testimony is required.

*Crystal Homes, Inc. v. Radetsky,* 895 P.2d 1179 (Colo.App.1995), upon which Torres relies, is distinguishable. There, without addressing the certificate of review statute, the division concluded that expert testimony was required to determine whether an attorney owed the plaintiff a duty of care where the relationship between the parties was complex. Here, in contrast, there is no assertion of complexity, and the applicability of the certificate of review statute is directly at issue.

Consequently, we conclude that the trial court erred in dismissing Giron's claim against Torres based on Torres's failure timely to file Giron's underlying action against Reeves.

### IV. Conclusion

We affirm the trial court's dismissal of all Giron's claims with the exception of her claims against Koktavy and Torres relating to her lawsuit against Reeves. See *English v. Griffith,* 99 P.3d 90 (Colo.App.2004)(appellate court may affirm a correct judgment based on reasons different from those relied upon by the trial court).

The judgment is reversed as to Giron's claims against Koktavy and Torres relating to her claim against Reeves, and the case is remanded for further proceedings regarding those claims. In all other respects, the judgment is affirmed.

Judge RUSSEL and Judge KAPELKE concur.