FILED
United States Court of Appeals
Tenth Circuit

February 26, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALEX COLEMAN,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 19-1162
(D.C. No. 1:18-CV-01965-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Alex Coleman, a federal prisoner appearing pro se, sued the United States

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. He

alleged that Bureau of Prisons medical staff negligently failed to provide him with

medical care. The district court dismissed his suit because he failed to file a

certificate of review supporting his claim. Exercising jurisdiction under 28 U.S.C.

§ 1291, we vacate the district court's decision and remand.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Coleman alleged the following: When serving his sentence at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood"), he experienced dizziness, shortness of breath, vomiting, loss of consciousness, and other symptoms over the course of a day. He sought medical attention, but the nurse who responded failed to evaluate or treat him. When his symptoms persisted, Mr. Coleman sought medical care a second time, but a doctor returned him to his cell without evaluation. Mr. Coleman then suffered a seizure, which prompted his transport to an outside hospital. Doctors there determined he had blood clots in each leg and in his chest. He nearly died due to the prison medical providers' lack of care.[1]

Mr. Coleman sued the United States under the FTCA, seeking damages for the prison medical providers' alleged negligence in failing to evaluate and treat him. The government moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) because he had not filed a certificate of review under Colo. Rev. Stat. § 13-20-602. In response, Mr. Coleman asked the district court to appoint counsel or to send him the certificate forms because he was unfamiliar with a certificate of review and did not have access to legal resources. The court denied his request for counsel and informed him that it did not have a certificate form, which is "a requirement of Colorado, and not federal, law." ROA at 87.

---

[1] In his appellate brief, Mr. Coleman further alleges that the prison medical providers' lack of care caused him to suffer a pulmonary embolism and other injuries, his injuries continue to this day, and he is housed at a prison medical facility in Texas. Aplt. Opening Br. at 5, 6, 11.

After two months passed without further response from Mr. Coleman, the district court dismissed his action with prejudice under Rule 12(b)(6).  It also denied his motion for reconsideration and request to proceed *in forma pauperis* (*ifp*) on appeal.  He timely appealed and renewed his request to proceed *ifp*.

## II.  **DISCUSSION**

### A.  *Colo. Rev. Stat. § 13-20-602*

Colorado's certificate statute, Colo. Rev. Stat. § 13-20-602, provides that

> "[i]n every action for damages . . . based upon the alleged
> professional negligence of . . . a licensed professional, the
> plaintiff's or complainant's attorney shall file with the court a
> certificate of review for each . . . licensed professional named
> as a party . . . within sixty days after the service of the
> complaint . . . unless the court determines that a longer period
> is necessary for good cause shown."

*Id.* § 13-20-602(1)(a).  The certificate must declare that the plaintiff's attorney (or the pro se plaintiff) "has consulted a person who has expertise in the area of the alleged negligent conduct" and that the person consulted "has reviewed the known facts . . . and, based on the review of such facts, has concluded that the filing of the claim . . . does not lack substantial justification."  *Id*. § 13-20-602(3)(a).[2]

If the plaintiff fails to file a certificate, the defendant licensed professional "may move the court for an order requiring filing of such a certificate," but only if the

---

[2] Colorado's certificate statute applies equally to both represented and pro se parties.  *See Hill*, 393 F.3d at 1118; *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002) (holding pro se non-attorney plaintiffs are not exempt from certificate requirements).

3

defendant "believes that an expert is necessary to prove the claim of professional negligence." *Id.* § 13-20-602(2). If the court determines a certificate is required, the plaintiff must file a certificate or show good cause for not doing so. Otherwise, the complaint must be dismissed. *See id.* § 13-20-602(4); *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 626 & n.4 (Colo. 1999).

## B. *The FTCA and Colo. Rev. Stat. § 13-20-602*

The initial question is whether Colo. Rev. Stat. § 13-20-602 applies to Mr. Coleman's FTCA claim.[3] He asserts it does not. But the FTCA provides that the United States can be liable only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, the substantive law of the state in which the alleged tort occurred applies to FTCA claims. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004).

The medical providers' alleged negligence occurred in Colorado. In *Hill*, we held that Colorado's certificate statute is a substantive rule for purposes of the FTCA and is

---

[3] Mr. Coleman argues the medical providers violated his Eighth Amendment rights by their deliberate indifference to his serious medical needs. But he did not sue these providers for an alleged constitutional violation, *see Carlson v. Green*, 446 U.S. 14, 17-23 (1980) (holding a plaintiff can bring a claim for money damages against individual federal officers for an Eighth Amendment violation under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). Instead, he sued the United States for damages under the FTCA. *See* ROA at 58-59, 63. As the district court explained, the FTCA allows state tort law claims to be asserted against the United States, not constitutional claims. *See id.* at 54 (citing 28 U.S.C. § 1346(b)(1)). *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) (explaining that the FTCA did not waive the United States' sovereign immunity from suit for federal constitutional claims).

applicable to professional negligence claims brought against the United States. *Id.* Colo.

Rev. Stat. § 13-20-602 is therefore applicable to Mr. Coleman's action. But, as explained

below, the district court's dismissal of the complaint was premature.

## C. *Issues for Remand*

The Colorado certificate statute's applicability to Mr. Coleman's FTCA claim

raises three significant issues that should have been addressed in the district court. We

thus vacate the order dismissing Mr. Coleman's FTCA claim and remand for the district

court to address these issues.[4]

### 1. **Whether a Certificate Was Required**

The government and the district court appeared to understand Colorado law as

requiring a certificate of review in every professional negligence action and that dismissal

is required whenever a plaintiff fails to file one. *See* ROA at 74 (government's motion to

dismiss); *id.* at 83 (district court holding that "because Plaintiff has failed to file a

certificate of review, his Amended Complaint must be dismissed"). But Colorado courts

have long held that Colo. Rev. Stat. § 13-20-602 requires a plaintiff to file a certificate of

review only "for any claim based on allegations of professional negligence *that requires*

*expert testimony to establish a prima facie case*." *Martinez v. Badis*, 842 P.2d 245, 250

(Colo. 1992) (emphasis added); *accord Shelton*, 984 P.2d at 626; *Giron v. Koktavy*,

---

[4] We deny Mr. Coleman's request that we direct reassignment to a different judge on remand. He has not presented evidence of "personal bias" or "extreme circumstances" to justify this action. *See Mitchell v. Maynard*, 80 F.3d 1433, 1448 (10th Cir. 1996). A judge's adverse ruling, standing alone, does not establish bias. *See id.* at 1449.

124 P.3d 821, 825 (Colo. App. 2005).[5]  Thus, "[i]f a plaintiff determines that expert testimony is not required, no certificate need be filed."  *Martinez*, 842 P.2d at 250-51; *see Shelton*, 984 P.2d at 626.

If a certificate is not filed within the 60-day statutory period and the defendant believes expert testimony will be required to establish the plaintiff's professional negligence claim, it may move to require the plaintiff to file a certificate or to dismiss. *See* Colo. Rev. Stat. §§ 13-20-602(2), 13-20-602(4); *Martinez*, 842 P.2d at 251; *Shelton*, 984 P.2d at 626.  The court determines whether expert testimony and therefore a certificate of review are required.  *See Shelton*, 984 P.2d at 626; *Giron*, 124 P.3d at 825.

Dismissal for failure to file a certificate of review is proper only when the court has determined that a certificate is required under these standards.  *See Shelton*, 984 P.2d at 626 n.4 (holding dismissal under § 13-20-602(4) applies only "to situations in which the court decides that the plaintiff should have submitted a certificate and the plaintiff has not demonstrated good cause for late filing"); *Giron*, 124 P.3d at 825 ("[F]ailure to file

_____

[5] In *Hill*, 393 F.3d at 1118, and *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1537-38 & n.9 (10th Cir. 1996), we upheld dismissal for failure to file a certificate under Colo. Rev. Stat. § 13-20-602.  Both opinions suggested the plaintiff's need for expert evidence.  *See Hill*, 393 F.3d at 1115 (noting plaintiff's "need for expert testimony"); *Trierweiler*, 90 F.3d at 1542 (discussing plaintiff's expert reports).  Although not precedential, our unpublished decisions have recognized this standard. *See, e.g., Sherman v. Klenke*, 653 F. App'x 580, 594-95 (10th Cir. 2016); *Falcon v. Saint-Veltri*, 23 F. App'x 908, 910 (10th Cir. 2001).  So has the United States District Court in Colorado, *see, e.g.*, *Morales v. Rattan*, No. 17-cv-03009-PAB-KLM, 2019 WL 588192, at *4 (D. Colo. Feb. 13, 2019), *recommendation accepted* (Mar. 5, 2019); *Kellar v. U.S. Dep't of Veteran Affairs*, No. 08-cv-00761-WYD-KLM, 2008 WL 5330644, at *4 (D. Colo. Dec. 19, 2008).  *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

a certificate of review, *where required*, must result in dismissal of the claim." (emphasis added)); *Morales v. Rattan*, No. 17-cv-03009-PAB-KLM, 2019 WL 588192, at *4 (D. Colo. Feb. 13, 2019) (noting that dismissal is required for failure to comply with Colorado's certificate statute "if a certificate is deemed necessary"), *recommendation accepted* (Mar. 5, 2019).

Although expert testimony may be necessary in most medical malpractice claims, it is not always required to establish a prima facie case. In *Shelton*, the Colorado Supreme Court affirmed the state district court's decision not to require a certificate in a medical malpractice action. It explained that expert testimony is usually required "to establish the proper standard of care against which the professional's conduct is to be measured," but some claims do not require expert testimony. 984 P.2d at 627; *see Martinez*, 842 P.2d at 249 ("Some claims of professional negligence do not require expert testimony."); *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995) (noting that expert testimony is not required when "the subject matter of a medical malpractice action lies within the ambit of common knowledge or experience of ordinary persons").

In this case, the government did not argue in district court that expert testimony was required for Mr. Coleman to establish a prima facie case of medical negligence, and the court did not decide this issue. Without determining that a certificate of review was required due to the need for an expert, the district court lacked a proper basis to dismiss the claim for failure to file a certificate. On remand, the district court should consider this issue under the proper standard.

7

2. **Whether Dismissal, if Required, Should Be with or without Prejudice**

The district court did not explain why it dismissed Mr. Coleman's complaint with prejudice. As the government noted in its answer brief, courts that have dismissed FTCA claims for failure to comply with a state certificate requirement usually have done so without prejudice. *See, e.g.*, Aplee. Br. at 11-12 (citing cases).[6] The government suggests the district court should have considered whether dismissal should be with or without prejudice under the *Ehrenhaus* factors. *See* Aplee. Br. at 12 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These are the factors a district court must consider in deciding whether to dismiss a case with prejudice under Fed. R. Civ. P. 41(b) as a sanction for a plaintiff's violation of a court rule or order. *See Nasious*, 492 F.3d at 1161-62 & n.4.[7]

The Colorado federal district court has considered these factors in dismissing claims for failure to comply with Colorado's certificate statute. It has held such

---

[6] Colo. Rev. Stat. § 13-20-602 does not specify whether dismissal should be with or without prejudice when a plaintiff is required to file a certificate of review but does not do so. *See id.* § 13-20-602(4).

[7] These factors are: "(1) the degree of actual prejudice to the defendant [as a result of the plaintiff's rule violation]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious*, 492 F.3d at 1162 (internal quotation marks omitted).

8

dismissals should be without prejudice unless (1) the failure to file a required certificate of review was the result of willful misconduct or gross negligence or (2) caused substantial prejudice. *See Alpine Bank v. Hubbell*, No. 05-cv-00026-EWN-PAC, 2007 WL 218906, at *4-6 (D. Colo. Jan. 26, 2007) (holding that dismissal for failure to comply with Colorado's certificate statute should be without prejudice absent these circumstances); *Carson v. United States*, No. 13-cv-02962-CMA-KLM, 2014 WL 3563021, at *8 (D. Colo. July 18, 2014) (dismissing without prejudice under this standard); *Morales*, 2019 WL 588192, at *6 (same).

If the district court determines on remand that expert testimony is necessary to establish Mr. Coleman's professional negligence claim and that dismissal is required under the statute due to his failure to file the required certificate, it should consider whether dismissal should be with or without prejudice.

3. **Whether Dismissal, if Required, Should Be under the Colorado Statute or Rule 12(b)(6)**

The government moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The district court said it dismissed Mr. Coleman's complaint under this rule. But rather than analyze the sufficiency of Mr. Coleman's allegations,[8] the court relied on Colo. Rev. Stat. § 13-20-602 to dismiss. *See* ROA at 82-83; *id.* at 90 (explaining "the basis for dismissal . . . was Plaintiff's failure to file a certificate of

---

[8] "[T]he purpose of Rule 12(b)(6) motions . . . is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks omitted).

review pursuant to Colo. Rev. Stat. § 13-20-602(1)(a)"). The Colorado Court of Appeals has held that "Section 13-20-602 sets forth a special statutory ground for dismissal, separate from that of C.R.C.P. 12(b)(5) ([dismissal for failure to state a claim])." *Barton v. Law Offices of John W. McKendree*, 126 P.3d 313, 314-15 (Colo. App. 2005). Thus, dismissal under the certificate statute does not constitute dismissal for failure to state a claim. *See id.* The federal district court in Colorado has recognized and followed this holding. *See Alpine Bank*, 2007 WL 219121, at *4 & n.4 (holding dismissal for failure to file a certificate of review under Colorado law is not "akin to dismissal under [Fed. R. Civ. P.] 12(b)(6)"); *Alpine Bank*, 2007 WL 218906, at *4 (same).

The distinction between dismissal under the Colorado certificate statute and dismissal for failure to state a claim under Rule 12(b)(6) matters because Mr. Coleman can be assigned a strike under the Prison Litigation Reform Act if the district court dismisses his action for failure to state a claim. *See* 28 U.S.C. § 1915(g).[9] If the district court determines on remand that Mr. Coleman's professional negligence claim should be dismissed under Colo. Rev. Stat. § 13-20-602, it should reconsider whether dismissal would be for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

---

[9] Three strikes under the PLRA bars persons from bringing a civil action *ifp* unless they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

10

## III. **CONCLUSION**

We vacate the district court's dismissal order and remand for further consideration consistent with this opinion.  We grant Mr. Coleman's request to proceed *ifp* on appeal.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

11