Susan P. **WILLIAMS**, Plaintiff–Appellant,

v.

Dennis **BOYLE**, M.D., Defendant–Appellee.

No. 02CA0037.

Colorado Court of Appeals, Div. IV.

Jan. 2, 2003.

As Modified on Denial of Rehearing Feb. 6, 2003.

Certiorari Denied June 30, 2003.*

* Justice COATS would grant as to the following issue:

394

Susan P. Williams, Pro Se.

McConnell, Siderius, Fleischner, Christine A. Craigmile, Troy R. Rackham, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this medical malpractice action, plaintiff, Susan P. Williams, appeals from the trial court's dismissal of her complaint against defendant, Dennis Boyle, M.D., for failure to file a certificate of review. We affirm.

Plaintiff, proceeding pro se, filed a complaint against defendant, asserting claims for medical malpractice, breach of confidential relationship and nondisclosure, fraudulent concealment and fraud, and defamation.

In her complaint, plaintiff alleged that defendant prescribed medications that caused an adverse reaction leading to kidney damage. She alleged that defendant failed to review her past medical records, which she claims documented her known allergies, and that he failed to inform her of this risk. Plaintiff also alleged that, after taking the medication, she informed defendant of the allergic reactions, but he denied the reactions occurred in an attempt to conceal his own negligence and then discharged her from his practice. Plaintiff alleged that defendant wrote in her medical records that she was experiencing a mental health disorder, that he knew the diagnosis was false, and that he then gave these records to other medical care providers.

Defendant filed an answer denying the claims, and both parties submitted initial disclosures, which were each contested by the other party as inadequate.

Defendant then filed a motion to dismiss for failure to file a certificate of review. Plaintiff requested additional time to respond, arguing that defendant had not provided all of his initial disclosures and that those disclosures were necessary for plaintiff to respond to the motion. The court ordered defendant to supplement his disclosures and gave plaintiff additional time to respond.

After plaintiff did not respond to the motion to dismiss in the time allowed by the court, and after the parties briefed the issue of whether a certificate of review was required, the court dismissed all of plaintiff's

claims for failure to file a certificate of review.

## I.

Plaintiff contends that she was not required to file a certificate of review because defendant had not fully complied with the initial disclosure requirements of C.R.C.P. 26(a). Defendant argues that the requirement that a plaintiff file a certificate of review is independent of the requirement of initial disclosures. We agree with defendant.

### A.

■ First, we find no support for plaintiff's contention in the plain language of the statute, the timing of the certificate of review, or the policy behind the certificate of review requirement.

Although the certificate of review statute states that the professional consulted must give his opinion after reviewing the "known facts," the statute does not mention a defendant's disclosure requirements. *See* § 13–20–602, C.R.S.2002.

Further, the initial disclosures are not necessarily due before the certificate of review. Section 13–20–602 requires that the certificate of review be filed within sixty days of the service of the complaint, and C.R.C.P. 26(a)(1) requires that initial disclosures be filed within thirty days after the case is at issue. A case becomes at issue when all pleadings permitted by C.R.C.P. 7 have been filed. *See* C.R.C.P. 16(b). An in-state defendant generally has twenty days after service of the complaint to file an answer. If an answer with no counterclaim is filed within that time period, the initial disclosures would potentially be due no more than fifty days after the filing of the complaint. However, disclosures would not be due before the certificate of review if the at-issue date is extended by, for instance, a defendant seeking an extension of time within which to answer or filing counterclaims, cross-claims, third-party claims, or a motion to dismiss; or the plaintiff filing a reply to a counterclaim or an affirmative defense. *See* C.R.C.P. 12(a). Such filings do not alter the deadline for a certificate of review. *See* § 13–20–602.

Furthermore, to conclude that full disclosures must precede a certificate of review would contravene the purpose of the certificate of review requirement, which is to prevent the filing of frivolous professional malpractice actions, to avoid unnecessary time and costs in defending professional negligence claims, and to reduce the resulting costs to society through increased insurance premiums attributable to the expenses associated with such claims. *See State v. Nieto*, 993 P.2d 493 (Colo.2000).

The certificate requirement thus forces a plaintiff to obtain additional professional confirmation that the complaint is not frivolous early in the case, before the defendant begins to incur expenses in providing discovery, compiling privilege logs, and the like.

### B.

■ Second, we disagree with plaintiff that defendant's allegedly inadequate disclosures constituted "good cause" for an extension under the statute and that the court thereby abused its discretion by dismissing the claims.

The court may extend the time for filing a certificate of review beyond the sixty day period for "good cause." *See* § 13–20–602(1)(a), C.R.S.2002.

■ Whether good cause has been shown is a matter within the sound discretion of the trial court. *Hane v. Tubman*, 899 P.2d 332 (Colo.App.1995). The court must consider whether the neglect that resulted in the failure to file was excusable, whether the defendant had alleged a meritorious defense or claim, and whether relief from the challenged order would be consistent with the equitable considerations, such as whether any prejudice would accrue to the defendant if the order were set aside. *Hane v. Tubman, supra.*

Here, the trial court did not abuse its discretion. Plaintiff was given additional time to file a certificate of review or otherwise respond to the motion to dismiss, and she failed to do so within the time allotted.

Moreover, plaintiff argued that she was unable to determine whether she needed a

certificate of review because defendant did not complete his initial disclosures and that no physician would give her a certificate without seeing defendant's records. However, with record support, the trial court ruled that plaintiff had all the necessary documents.

In addition, defendant had alleged a meritorious defense and would have been prejudiced because a trial date was set and discovery was scheduled to begin. *See Rosenberg v. Grady,* 843 P.2d 25 (Colo.App.1992)(court did not abuse its discretion in deferring ruling on motion to compel until plaintiff filed certificate of review).

### C.

■ Third, we disagree with plaintiff that after the trial court determined a certificate of review was required, it erroneously dismissed her claims without giving her an opportunity to file one. Plaintiff did not respond to defendant's motion to dismiss in the additional time allotted, and when she finally responded, she failed to demonstrate that no expert testimony was required or that the court, in its discretion, should have found good cause for her failure to file. *See Martinez v. Badis,* 842 P.2d 245 (Colo.1992).

### II.

Plaintiff next contends that the court erred in dismissing her claims because each did not require a certificate of review. We disagree.

■ A certificate of review states that the plaintiff has consulted with an expert in the area who has concluded that the claim does not lack substantial justification. *See* § 13–20–602. The requirement applies to any claim against a licensed professional that is based upon allegations of professional negligence and that requires expert testimony to establish a prima facie case, regardless of the formal designation of such claim. *See Martinez v. Badis, supra; Baumgarten v. Coppage,* 15 P.3d 304 (Colo.App.2000); *Teiken v. Reynolds,* 904 P.2d 1387 (Colo.App.1995). The statute should be broadly read and applied to all cases based upon the alleged professional negligence of a licensed professional. *See State v. Nieto, supra.*

### A.

■ Plaintiff's medical negligence claim alleges that defendant owed a duty of care to plaintiff, which he breached by not giving appropriate diagnosis, treatment, and followup of plaintiff's health problems. This claim of professional negligence required expert testimony and, consequently, a certificate of review.

■ Expert testimony is required to establish a prima facie case of professional negligence in the great majority of cases. When a plaintiff's claim requires a showing that the licensed professional breached a duty of care and that duty of care cannot be understood by a lay person without expert testimony, the claim requires a certificate of review. *See Martinez v. Badis, supra; Armbruster v. Edgar,* 731 P.2d 757 (Colo.App.1986)(expert testimony necessary to show precise scope of physicians' standard of care).

Here, to prove medical negligence, plaintiff would have to show, through expert testimony, the nature of defendant's duty of care with regard to diagnosis and followup treatment, as well as how defendant breached that duty of care. Therefore, a certificate of review was required. *See Armbruster v. Edgar, supra.*

Moreover, we disagree with plaintiff that a certificate of review was not required because her negligence claim was premised on the doctrine of res ipsa loquitur.

■ In some instances, a claim relying on the doctrine of res ipsa loquitur will not require a certificate of review because the facts create a presumption of negligence and, therefore, expert testimony is not necessary. *See Shelton v. Penrose/St. Francis Healthcare System,* 984 P.2d 623 (Colo.1999).

To the extent defendant contends that plaintiff was required to plead res ipsa loquitur in her complaint, we disagree. *See Holmes v. Gamble,* 624 P.2d 905 (Colo.App. 1980)(res ipsa loquitur is not a cause of action or claim for relief in itself, but is merely a rule of evidence that defines circumstances under which a presumption of negligence will

arise as a matter of law), *aff'd*, 655 P.2d 405 (Colo.1982). Moreover, plaintiff raised this issue to the trial court; therefore, we will address it.

In any event, however, plaintiff's complaint does not set forth sufficient facts to trigger the doctrine of res ipsa loquitur.

■ Res ipsa loquitur requires that a plaintiff present evidence that the event is the kind which ordinarily does not occur in the absence of negligence; responsible causes other than the defendant's negligence are sufficiently eliminated by the evidence; and the presumed negligence is within the scope of the defendant's duty to the plaintiff. *See Ravin v. Gambrell*, 788 P.2d 817 (Colo. 1990).

■ Res ipsa loquitur applies to a medical malpractice claim only when it is judicially determined that a particular unexplained occurrence creates a prima facie case of negligence without proof of specific misconduct. *See Shelton v. Penrose/St. Francis Healthcare Systems, supra*. The doctrine applies where the cause of injury is so apparent that a lay person is as able as an expert to conclude that such things do not happen in the absence of negligence. *Holmes v. Gamble, supra*.

■ Here, plaintiff alleged that her kidney damage was caused by the prescribed medication. However, the relationship between the kidney damage and the prescribed medication is not so clear that a lay person would be able to conclude that the medication caused the damage without expert testimony. Moreover, plaintiff admitted to having seen other physicians before and after seeing defendant, such that other possible causes could not be eliminated. *Compare Holmes v. Gamble, supra* (evidence insufficient to eliminate other possible responsible causes, including plaintiff's own conduct and conduct of third persons), *with Mudd v. Dorr*, 40 Colo. App. 74, 574 P.2d 97 (1977)(res ipsa loquitur applies where surgeon left cottonoid sponge inside patient).

**B.**

■ Plaintiff's second claim for relief was "Breach of Confidential Relationship—Nondisclosure," wherein plaintiff claimed that defendant "had a duty to disclose the material fact of [plaintiff's] drug injuries." Specifically, plaintiff alleged that her past adverse reaction to the prescribed medications was documented in her medical records and that defendant failed to inform her of that specific documented risk.

Defendant argues, and the trial court found, that this claim alleged lack of informed consent and required a certificate of review. Plaintiff argues that a certificate of review was not required because the burden of showing defendant's standard of care had shifted to defendant. Under the circumstances here, we agree with defendant.

■ To show lack of informed consent, a plaintiff must show that the defendant did not obtain informed consent from the patient, that a reasonable person would not have consented to the procedure if information had been given to the plaintiff, and that the defendant's negligent failure to inform caused the plaintiff's damages. *See Gorab v. Zook*, 943 P.2d 423 (Colo.1997); *Mallett v. Pirkey*, 171 Colo. 271, 466 P.2d 466 (1970); *Stauffer v. Karabin*, 30 Colo.App. 357, 492 P.2d 862 (1971).

■ Whether the physician obtained informed consent from the patient implicates his or her duty of care. *See Espander v. Cramer*, 903 P.2d 1171 (Colo.App.1995). However, the plaintiff does not necessarily have the burden of showing the standard of care in all lack of informed consent claims. If a plaintiff shows that a physician failed to inform her of any risks when she consented to a medical procedure, she has met that element of her prima facie case. The burden would then shift to the defendant to present expert testimony to show that the nondisclosure conformed with community standards. *Gorab v. Zook, supra; Greenwell v. Gill*, 660 P.2d 1305 (Colo.App.1982); *Martin v. Bralliar*, 36 Colo.App. 254, 540 P.2d 1118 (1975).

■ However, when a plaintiff does not claim complete nondisclosure of the risks, but instead argues that there was incomplete

disclosure or that a specific risk was misassessed, the plaintiff has the burden of presenting expert testimony to show that the specific risk was substantial and should have been disclosed in conformance with community standards. *See Bloskas v. Murray,* 646 P.2d 907 (Colo.1982)(substantiality of a particular risk must be shown by expert medical testimony); *Mallett v. Pirkey, supra* (physician has duty to inform patient of any substantial risk of a procedure to be performed and of specific risks, if such risks are known or ought to be known by the physician); *Espander v. Cramer, supra* (requiring certificate of review for claim of misassessment of risk and distinguishing cases involving complete nondisclosure); *Teiken v. Reynolds, supra* (certificate of review necessary where deceptive trade practices claim amounts to incomplete disclosure of risk claim).

■■■ The burden may shift to the defendant because a physician is not required to inform a patient of all known risks, only those that are substantial and which may affect the decision whether to proceed with a medication or procedure. *See Mallett v. Pirkey, supra.* Therefore, when a plaintiff claims a complete lack of disclosure of any risks, any substantial risks are subsumed within that claim. *See Stauffer v. Karabin, supra.*

Here, plaintiff did not allege a complete nondisclosure of risks, but rather argued that a substantial risk specific to her—her past allergic reaction—should have been disclosed before prescribing the medication.

Moreover, because this risk was specific to plaintiff, she must show that the risk existed and that defendant "knew or should have known" of the risk. Plaintiff must, therefore, present expert testimony showing that defendant had a duty to inspect past medical records for such information and that the medical records indeed revealed a known allergy to the drugs. *Cf. Baumgarten v. Coppage, supra* (plaintiff's claim that brokers "should have known" and therefore should have disclosed information requires expert testimony and certificate of review).

### C.

Plaintiff's "fraudulent concealment and fraud" claims also required a certificate of review. Plaintiff alleged fraudulent misrepresentation in that defendant knowingly misdiagnosed plaintiff with a mental health disorder to conceal his own negligence. Plaintiff also alleged fraudulent concealment in that defendant concealed material facts relating to plaintiff's injuries with the intent of creating a false impression that she did not have an allergic reaction to the medication.

### 1.

■■■ The elements of fraudulent misrepresentation are a knowing misrepresentation of material fact, reliance on the material misrepresentation, the right or justification in relying on the misrepresentation, and reliance resulting in damages. *Nielson v. Scott,* 53 P.3d 777 (Colo.App.2002).

■■■ Here, plaintiff must prove that defendant knew the diagnosis of a mental health disorder was incorrect or, in other words, that the misrepresentation was fraudulent. To do so, plaintiff must show that a diagnosis of a mental health problem was unreasonable under the circumstances, thereby creating the inference that defendant knew it was false. Thus, plaintiff must show the standard of care for diagnosis and that defendant's conclusions could not have resulted from adherence to that standard. This showing must be made through expert testimony because a lay person would not be able to determine whether a particular diagnosis was reasonable. *Cf. Smith v. Boyett,* 908 P.2d 508 (Colo.1995)(that physician knew diagnosis was incorrect usually must be shown by indirect evidence and inference).

### 2.

■■■ To prove a claim of fraudulent concealment, plaintiff must show concealment of a material fact that in equity and good conscience should be disclosed, knowledge on defendant's part that such a fact is being concealed, ignorance of that fact on plaintiff's part, the intention that the concealment be acted upon, and action on the concealment

resulting in damages. *See Nielson v. Scott, supra.*

■ Thus, to prove fraudulent concealment, plaintiff similarly must show, through indirect evidence in the form of expert testimony, that defendant was aware of a possible allergic reaction. An expert would not be able to show defendant's awareness circumstantially without analyzing standards for diagnosis and defendant's adherence to or disregard of those standards. *See Smith v. Boyett, supra.*

Moreover, the fraudulent concealment claim also is based upon professional negligence because it requires plaintiff to show that defendant in equity and good conscience should have revealed the information or, in other words, that defendant had a duty to reveal the information. Thus, once plaintiff establishes that defendant actually knew of the alleged concealed medical condition, plaintiff would then need to show whether defendant should have revealed that information to plaintiff, which showing requires expert testimony.

### D.

■ Plaintiff's defamation claim alleged that defendant included in her medical records a statement regarding a "mental health problem," that this statement was false, and that it was intentionally published to subsequent treatment providers who received the records from defendant. The trial court found that the claim required a certificate of review, and we agree, but for reasons different from those relied upon by the trial court.

First, we disagree with the trial court's determination that plaintiff's defamation claim required a certificate of review because plaintiff had to show that defendant published the statement with fault amounting to at least negligence. Plaintiff could also prove a prima facie case by showing that defendant published the statement intentionally. *See Williams v. District Court,* 866 P.2d 908 (Colo.1993). And, even if defendant published the statement to other physicians inadvertently but with negligence, such negligence, in this context, would not necessarily implicate defendant's standard of care. *See Mar-*

*tinez v. Badis, supra; cf. Siepierski v. Catholic Health Initiative Mountain Region,* 37 P.3d 537 (Colo.App.2001)(assault and battery claims against hospital staff do not implicate standard of care).

However, we agree with defendant that the statement is subject to a privilege. Thus, on these grounds, we conclude that for plaintiff to establish a prima facie case, she needed a certificate of review.

■ Initially, we disagree with defendant that an absolute privilege protects statements made by persons in confidential relationships and that this privilege includes statements made by physicians in medical records. The class of absolutely privileged communications is necessarily narrow and is generally limited to situations that involve legislative, judicial, and quasi-judicial proceedings, and other acts of state. *See Barakat v. Matz,* 271 Ill.App.3d 662, 208 Ill.Dec. 111, 648 N.E.2d 1033 (1995).

■ Moreover, contrary to defendant's contention, the confidential relationship contemplated in the Restatement (Second) of Torts is that between husband and wife, not attorney and client or physician and patient. *See* Restatement (Second) of Torts § 592 (1977). And, the absolute privilege that exists for certain communications by an attorney to a third party is not the result of the confidential relationship between the attorney and the client but, rather, exists only when the attorney's statement is made in relation to a proposed or occurring judicial proceeding. *See* Restatement (Second) of Torts § 586; *Club Valencia Homeowners Ass'n v. Valencia Associates,* 712 P.2d 1024 (Colo.App.1985)(attorney's absolute privilege extends to statements preliminary to official proceedings).

However, we do agree with defendant that his statement is subject to a qualified privilege.

■ A qualified privilege exists for communications by a party with a legitimate interest or duty to persons having a corresponding interest or duty in communications promoting legitimate individual, group, or public interests. *Churchey v. Adolph Coors*

*Co.,* 759 P.2d 1336 (Colo.1988); *Wigger v. McKee,* 809 P.2d 999 (Colo.App.1990). Whether a qualified privilege exists is a question of law. *See Churchey v. Adolph Coors Co., supra.*

█ Physicians have a duty to provide adequate diagnosis and treatment to their patients. *See McKay v. State Board of Medical Examiners,* 103 Colo. 305, 86 P.2d 232 (1938)(malpractice consists of failure to exercise degree of care and skill in diagnosis or treatment). To fulfill that duty, physicians must be free to give their opinions and diagnoses and to share those diagnoses with other physicians when appropriate, without fear of being subject to a claim of liability in the event a diagnosis is displeasing to a patient. The physician receiving the information also has an interest in the previous opinions of other physicians, so as to better diagnose and treat the patients.

These corresponding interests result in a qualified privilege for a physician's diagnosis. *Cf. Dominguez v. Babcock,* 727 P.2d 362 (Colo.1986)(supervisors have interest in comments concerning employee); *Coopersmith v. Williams,* 171 Colo. 511, 468 P.2d 739 (1970)(letter from boy scout father to boy scout committee regarding trip leader subject to qualified privilege); *Wigger v. McKee, supra* (social worker's statements to therapist privileged); *Barakat v. Matz,* 271 Ill. App.3d 662, 208 Ill.Dec. 111, 648 N.E.2d 1033 (1995)(insurance carrier who received the alleged defamatory statement from a physician has interest in determining the validity of claim); *Elia v. Erie Insurance Exchange,* 430 Pa.Super. 384, 634 A.2d 657 (1993)(physician's report to insurance carrier subject to conditional privilege).

█ A qualified privilege creates a presumption that the alleged defamatory communication was made in good faith and without malice. However, a plaintiff may overcome this presumption by showing, as a factual matter, that the defendant published the material with malice, that is, knowing the matter to be false or in reckless disregard of its truth. *See Churchey v. Adolph Coors Co., supra* (qualified privilege is a question of law, and malice is a question of fact); *Dominguez v. Babcock, supra.*

█ Generally, in defamation cases, truth is an affirmative defense available to a defendant, and, therefore, it is not the plaintiff's initial burden to show that the statement is false. *See Churchey v. Adolph Coors Co., supra; Gomba v. McLaughlin,* 180 Colo. 232, 504 P.2d 337 (1972). However, it has been debated whether, in the absence of a qualified privilege, a plaintiff in a private defamation action may be required to show, as part of his or her prima facie case, that the statement was false. *See* CJI–Civ. 4th, ch. 22 (2000), Introductory Note, para. 5. In any event, certainly when, as here, the statement is subject to a qualified privilege, it is the plaintiff's burden to show not only that the statement was false, but that the defendant knew the statement was false. *See Dominguez v. Babcock, supra.*

Thus, here, plaintiff was required to prove that defendant knew the statement was false, as she alleged in her complaint. And, as required for the fraudulent misrepresentation and fraudulent concealment claims already discussed, plaintiff thus was required to show by expert testimony that the mental health diagnosis was unreasonable under the circumstances, thus creating the inference that defendant knew it was false. *Cf. Smith v. Boyett, supra* (knowledge of falsity shown through indirect evidence). *See generally State v. Nieto, supra* (purpose of certificate of review statute calls for a broad reading and application to reach all cases based upon the alleged professional negligence of a licensed professional).

Here, the court correctly determined that plaintiff was required to file a certificate of review for all her claims, and its reasoning was correct as to the claims other than defamation. Moreover, the expert testimony required in a defamation claim when, as here, there is a qualified privilege, is similar to that required to prove a prima facie case of fraudulent concealment or fraudulent misrepresentation. Thus, a properly filed certificate of review on those latter claims necessarily would have sufficed as to the defamation claim as well. However, despite being giving considerable additional time to file any certificate of review, plaintiff failed

to do so. Thus, because the court properly ruled that a certificate of review was required on all of plaintiff's claims, and because the court gave plaintiff ample time to file the certificate but plaintiff did not do so, the dismissal of the defamation claim was also proper.

Judgment affirmed.

Judge VOGT and Judge CRISWELL **, concur.