FILED
United States Court of Appeals
Tenth Circuit

July 8, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALEX COLEMAN,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 20-1403
(D.C. No. 1:18-CV-01965-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **BACHARACH**, Circuit Judges.
_____

Alex Coleman, a federal inmate proceeding pro se,[1] appeals the district court's

dismissal of his claims alleging medical negligence in violation of the Federal Tort

Claims Act (FTCA), 28 U.S.C. § 1346(b) and §§ 2671–80.  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Coleman proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**BACKGROUND**

During the incident that gave rise to his lawsuit, Mr. Coleman was incarcerated at the Federal Correctional Institution in Englewood, Colorado (FCI-Englewood).[2] Mr. Coleman alleged that, while exercising in his cell one morning, he passed out on the floor and regained consciousness a few minutes later. *See* R. at 42. After a shower, he reported dizziness and shortness of breath to a correctional officer. A prison nurse did not examine Mr. Coleman personally, but instructed the correctional officer to have Mr. Coleman lie down and drink water. Mr. Coleman vomited and passed out again. Prison officials took Mr. Coleman to a holding cell in the health services unit, but he "was again returned to his unit without any medical treatment and told to drink water and get some rest before coming to sick call the following morning." *Id.* at 43. Mr. Coleman had a seizure later that evening, so prison officials transported him to Denver Health Medical Center, where an examination revealed three blood clots. *See id.* at 44.

Mr. Coleman sued the United States under the FTCA, alleging "the deliberate and wanton disregard of his medical needs by the listed medical staff at [FCI-Englewood] rises to the level of a tortable [sic] claim as a violation of the Eighth Amendment's protections against cruel and unusual punishment." *Id.* The district court dismissed the claim because Mr. Coleman did not timely file a certificate of review, and Mr. Coleman appealed. In *Coleman v. United States*,

---

[2] Coleman is now incarcerated at the Federal Correctional Institution in Talladega, Alabama.

803 F. App'x 209, 212–15 (10th Cir. 2020), a panel of this court vacated the district court's dismissal order and remanded for further consideration of (1) whether expert testimony was required for Mr. Coleman to establish a prima facie case, (2) whether dismissal, if warranted, should be for failure to state a claim upon which relief can be granted, and (3) whether dismissal, if warranted, should be with or without prejudice.

On remand, the government moved for an order requiring Mr. Coleman to show cause why his claim should not be dismissed without prejudice for failure to file a certificate of review. R. at 88. The government argued Fed. R. Civ. P. 41(b) "is the best mechanism under the Federal Rules of Civil Procedure to address the certificate of review requirement" in part because "it avoids Rule 12 as a procedural mechanism, and avoiding Rule 12 is consistent with the Tenth Circuit's order, state court decisions, and the operation of [Colo. Rev. Stat. § 13-20-602]." *Id.* at 89–90.

Mr. Coleman then filed a "Request for a Court Order Requiring a Physician to Provide an Affidavit or Answer Interrogatories on Matters Relevant to Mr. Coleman's Initial Diagnosis[,] Injury, and Treatment," in which he stated he "now underst[ood] the significance of filing a certificate of review," Supp. R. Vol. 1 at 7 (internal quotation marks omitted), requested that the court appoint a medical expert on his behalf, *see id.* at 8, and argued the allegations in his complaint, taken as true and construed liberally in his favor, plausibly stated a claim for negligence, *see id.* at 8–11. He also moved for appointment of counsel, which the district court denied.

3

The district court reviewed Mr. Coleman's amended complaint, determined he needed to file a certificate of review, and concluded his "failure to file a certificate of review bars him from proceeding with his claims." R. at 115. The court then ordered that "Plaintiff's claims . . . are dismissed without prejudice." *Id.* Initially, the final judgment issued by the district court clerk stated: "this case is dismissed *with prejudice* pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to obey orders of the Court." *Id.* at 117 (emphasis added). The clerk later issued an amended final judgment that correctly indicated the dismissal was without prejudice.

## DISCUSSION

"This Court reviews for an abuse of discretion a district court's decision to dismiss an action for failure to prosecute." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). Such abuse can occur "when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Id.* Mr. Coleman argues the district court should not have dismissed his complaint because (1) given the nature of his allegations, he did not need expert testimony to establish a prima facie case and therefore did not need to file a certificate of review,[3] (2) he did not "fail to prosecute" his claims, and (3) the

---

[3] Coleman's fourth and fifth issues for review substantially restate the arguments he presents in his first issue for review, so the same analysis applies to each of those issues.

district court should have granted his motions for appointment of counsel and appointment of an expert.

Regarding Mr. Coleman's first argument, his negligence claims against the United States are subject to the FTCA, which "provides that the United States shall be liable under state tort law only 'in the same manner and to the same extent as a private individual under like circumstances.'" *Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1396 (10th Cir. 1993) (quoting 28 U.S.C. § 2674). We have held the FTCA incorporates the requirements of Colorado's certificate of review statute for claims against professionals "regarding whom expert testimony would be necessary to establish a prima facie case." Colo. Rev. Stat. § 13-20-601. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004). Under the certificate of review statute,

> [i]n every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party . . . within sixty days after the service of the complaint . . . against such person unless the court determines that a longer period is necessary for good cause shown.

Colo. Rev. Stat. § 13-20-602(1)(a). "[T]he requirements of the certificate of review statute are applicable to civil actions alleging negligence of licensed professionals filed by nonattorney pro se plaintiffs." *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002). And, "[t]he failure to file a certificate of review in accordance with [§ 602] shall result in the dismissal of the complaint . . . ."

5

Colo. Rev. Stat. 13-20-602(4). Because Mr. Coleman did not file a certificate of review, the district court appropriately dismissed his claims.

Seeking to avoid application of the certificate of review requirement, Mr. Coleman argues the court misconstrued the nature of his claims. He asserts the cause of his injuries was not merely substandard care, but a total lack of medical care despite his worsening symptoms. He therefore contends his claims should have proceeded under the doctrine of res ipsa loquitur.

Under Colorado law, "[i]t is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured. However, some claims of professional negligence do not require expert testimony." *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 627 (Colo. 1999). For example, "[i]n some instances, a claim relying on the doctrine of res ipsa loquitur will not require a certificate of review because the facts create a presumption of negligence and, therefore, expert testimony is not necessary." *Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003).

Here, however, we agree with the district court that Mr. Coleman's allegations did not depict such a situation. His complaint alleged that, during the span of one day, he went from exercising alone in his cell to being transported to a hospital and receiving treatment for blood clots. Mr. Coleman does not deny receiving medical care altogether—to the contrary, he alleges prison officials transferred him to the health services unit of FCI-Englewood—but he alleges prison medical staff should

6

have identified his condition and treated him more quickly. But it is unclear from the allegations in the amended complaint precisely what (if any) type of examination or treatment, administered at what point in the day, would have made a difference in Mr. Coleman's overall outcome. For instance, it is unclear whether the seizure Mr. Coleman suffered was preventable or an inevitable result of the later-discovered blood clots. These are the types of issues which, as the district court concluded, would require expert testimony to substantiate. *See id.* (concluding expert testimony was required where plaintiff alleged "that defendant owed a duty of care to plaintiff, which he breached by not giving appropriate diagnosis, treatment, and follow up of plaintiff's health problems.").

Mr. Coleman also argues dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) was inappropriate because he "did not fail to prosecute [or] obey orders of the court," Opening Br. at 3, and that "the district court is being confusing" because its order dismissing his claims specifies the dismissal is without prejudice but the final judgment stated the dismissal was with prejudice, *see id.*; R. at 116 (order), *id.* at 117 (final judgment). But Rule 41 was simply the procedural vehicle the court used to enforce the certificate of review requirement. For the reasons set forth above, we conclude it was correct to do so. And the court corrected any confusion regarding its dismissal by issuing an amended final judgment clarifying the dismissal was without prejudice. *See* Supp. R. Vol. 2 at 3.

Mr. Coleman last argues the district court should have granted his motion for the court to appoint an expert to assist him in meeting the certificate of review

7

requirement and his motion for appointment of counsel. "We review a district court's denial of a motion to appoint an expert for abuse of discretion." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). We likewise "review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion." *Hill*, 393 F.3d at 1115. "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (internal quotation marks omitted). "It is not enough that having counsel appointed would have assisted the prisoner in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (internal quotation marks and alterations omitted). Although he emphasizes his indigency, Mr. Coleman offers no basis for us to conclude the district court abused its discretion in declining to appoint counsel or an expert for him, or that failure to appoint counsel resulted in fundamental unfairness, so we do not consider this argument further.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court. We grant Mr. Coleman's request for leave to proceed without prepayment of costs or fees on appeal.

Entered for the Court


Timothy M. Tymkovich
Chief Judge

8