The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY

September 29, 2022

## 2022COA113

**No. 21CA0343, *Woo v. Baez* — Professional Liability — Actions
Against Licensed Professionals — Certificate of Review;
Constitutional Law — Fourteenth Amendment — Due Process
— Equal Protection**

A division of the court of appeals addresses for the first time,

and rejects, an "as-applied" challenge to the constitutionality of the

certificate of review requirement in section 13-20-602, C.R.S. 2021.

COLORADO COURT OF APPEALS                                    2022COA113

Court of Appeals No. 21CA0343
El Paso County District Court No. 19CV227
Honorable Thomas K. Kane, Judge

James Woo,

Plaintiff-Appellant,

v.

Jose Angel Baez, Michelle Medina, and Richard Bednarski,

Defendants-Appellees.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE TOW
Yun and Vogt*, JJ., concur

Announced September 29, 2022

James Woo, Pro Se

Haddon, Morgan & Foreman, P.C., Jeffrey S. Pagliuca, Adam Mueller, Denver,
Colorado, for Defendants-Appellees Jose Angel Baez and Michelle Medina

Mulliken Weiner Berg & Jolivet P.C., Murray I. Weiner, Colorado Springs,
Colorado, for Defendant-Appellee Richard Bednarski


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2022.

¶ 1    Plaintiff, James Woo, appeals the judgment dismissing his claims against defendants Jose Angel Baez and Michelle Medina for lack of personal jurisdiction and his claims against defendant Richard Bednarski due to Woo's failure to file a certificate of review.

¶ 2    We reverse the dismissal as to the claims against Baez and Medina because we agree with Woo that the district court erred by denying substituted service.  And we reverse the dismissal as to the replevin claim against Bednarski.  As to the dismissal of Woo's other two claims against Bednarski, Woo's appellate contention requires us to address, as a matter of first impression, an "as-applied" challenge to the constitutionality of the certificate of review requirement in section 13-20-602, C.R.S. 2021.  Rejecting that challenge, we affirm the dismissal of the remaining claims against Bednarski.

## I.    Background

¶ 3    Woo filed a civil complaint against Baez, Medina, and Bednarski — the lawyers who represented him in his underlying criminal case — alleging inadequacies in how they represented

1

him.[1]  Specifically, Woo brought claims against Baez and Medina for (1) fraud, (2) breach of contract, (3) willful breach of fiduciary duty, (4) professional negligence, (5) negligent misrepresentation, and (6) unjust enrichment.  Woo brought claims against Bednarski for (1) willful breach of fiduciary duty, (2) professional negligence, and (3) replevin.  The district court allowed Woo to file his complaint without prepayment of the filing fee, pursuant to section 13-17.5-103, C.R.S. 2021, because it found he was indigent.  Woo was required to pay the fee in installments.

¶ 4    In addition, because Woo is incarcerated, the court granted his request for the court to assist in effectuating service, subject to Woo's payment of the expenses over time pursuant to section 13-17.5-103.  Process was delivered to the Miami-Dade Police Department to serve Baez and Medina at a Miami business address Woo had provided.  Woo later provided a new office address for Baez and Medina in Miami, as well as an alternate business address in Orlando.  Local law enforcement was never able to serve either Baez or Medina at these addresses, apparently due in part to business

---

[1] Baez and Medina are Florida lawyers who were admitted pro hac vice in Woo's criminal case.  Bednarski was local counsel.

interruptions resulting from the COVID-19 pandemic and Hurricane Eta. The El Paso County Sheriff's Department successfully served Bednarski.

¶ 5    After the case had been pending for more than a year without service on Baez and Medina, Woo filed a motion for substituted service pursuant to C.R.C.P. 4(f). In his motion, Woo asked the district court to authorize service on Jeffrey Pagliuca — a Colorado lawyer who was at that time representing Baez and Medina in a proceeding before the Colorado Office of Attorney Regulation Counsel that involved the same allegations of misconduct as in this case.

¶ 6    The district court denied the motion, explaining:

> Plaintiff claims substitute[d] service on an attorney allegedly defending Baez and Medina in an investigation by the Office of Regulatory Counsel. However, the Plaintiff has failed to show that either of these procedures is reasonably calculated to give actual notice to the Defendants. *Minshall v. Johnston*, 417 P.3d 957 (Colo. App. 2018). The claims here are for monetary relief and not a challenge to the conviction and sentence. The Court finds that the State has expended considerable time and effort to accomplish out of state service and the Defendants could not be located. Given the nature of the claims here, this motion is denied.

¶ 7    Because Baez and Medina were never served, the district court dismissed the claims against them.  The district court also dismissed the claims against Bednarski because, despite being given an extension of time to do so, Woo never filed a certificate of review containing an expert's conclusion that the claims against Bednarski did not lack substantial justification.  *See* § 13-20-602(3)(a).

## II.    Substituted Service — Baez and Medina

¶ 8    We agree with Woo that the district court erred by denying his motion for substituted service.

¶ 9    If, despite having exercised due diligence, a plaintiff is unable to accomplish personal service on a defendant, they may move the court to allow substituted service of the defendant on a different person.  *See* C.R.C.P. 4(f).  Among other requirements, the court must "authorize delivery to be made to the person deemed appropriate for service" if it is

> satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and

4

> reasonably calculated to give actual notice to
> the party upon whom service is to be effective.

C.R.C.P. 4(f)(1).

¶ 10    The district court found, with record support, that Woo had exercised due diligence. We agree.[2] Nothing in the record, however, indicates that serving Pagliuca would not have provided Baez and Medina with notice of Woo's civil lawsuit. To the contrary, serving Pagliuca, who at that time was representing Baez and Medina in Colorado *in a closely related proceeding arising from the same factual allegations*, was reasonably calculated to give actual notice to Baez and Medina of the civil case. *See Warrender Enter., Inc. v. Merkabah Labs, LLC*, No. 1:20-cv-00155-SKC, 2020 WL 2306856, at *2 (D. Colo. May 8, 2020) (unpublished order) (recognizing that courts have authorized substituted service on an attorney who represented the unserved party in other matters when the service on the attorney was reasonably calculated to give actual notice to

---

[2] "It is unnecessary for us to determine in this case the precise standard of review applicable to a trial court's determinations underlying an order authorizing substitute service under C.R.C.P. 4(f) because we would reach the same conclusions irrespective of which standard of review we apply: de novo, abuse of discretion, or clear error." *Minshall v. Johnston*, 2018 COA 44, ¶ 19 n.1.

5

the unserved party). The fact that the relief sought differed in the two proceedings is immaterial. Indeed, nothing in C.R.C.P. 4(f) suggests that substituted service is only available for certain types of claims. Thus, we reverse the district court's order denying the motion for substituted service.[3]

¶ 11    In light of that conclusion, we further conclude that the district court erred by granting Baez and Medina's motion to dismiss for lack of personal jurisdiction. We review de novo a motion to dismiss for lack of personal jurisdiction. *Align Corp. Ltd. v. Boustred*, 2017 CO 103, ¶ 8. Since the dismissal was partially rooted in the district court's erroneous determination that substituted service on Pagliuca was not reasonably calculated to give notice to Baez and Medina, it was error. Thus, we reverse the judgment dismissing the claims against Baez and Medina.

### III.    Certificate of Review — Bednarski

¶ 12    We disagree with Woo that the district court erred by granting Bednarski's motion to dismiss given Woo's failure to file a certificate

---

[3] We note that Pagliuca is Baez and Medina's counsel of record in this appeal as well. Thus, serving him remains reasonably calculated to provide actual notice.

of review as to the negligence and willful breach of contract claims. However, we agree with Woo that the district court erred by dismissing his replevin claim because no certificate of review is required for that claim.

## A. Standard of Review

¶ 13 We review the district court's ruling requiring a certificate of review for an abuse of discretion. *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001). And, as noted, we review de novo a district court's ruling on a motion to dismiss. *State ex rel. Suthers v. Mandatory Poster Agency, Inc.*, 260 P.3d 9, 12 (Colo. App. 2009); *see Williams v. Boyle*, 72 P.3d 392, 397-402 (Colo. App. 2003).

## B. Applicable Law

¶ 14 A plaintiff who asserts a professional negligence claim must, within sixty days after commencing the action,[4] file a certificate of review certifying that they have "consulted a person who has expertise in the area of the alleged negligent conduct," and that the person "has reviewed the known facts" and "has concluded that the

---

[4] The court can also determine "that a longer period is necessary for good cause shown." § 13-20-602(1)(a), C.R.S. 2021.

7

filing of the claim . . . does not lack substantial justification." § 13-20-602(3)(a). "Lack of substantial justification" is defined as "substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-102(4), C.R.S. 2021. "The requirement applies to any claim against a licensed professional that is based upon allegations of professional negligence and that requires expert testimony to establish a prima facie case, regardless of the formal designation of such claim." *Williams*, 72 P.3d at 397. This requirement "should be broadly read and applied." *Id.* And it applies to pro se parties. *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002).

¶ 15    Further, upon the defendant's request, the court must dismiss a claim that requires a certificate of review if the plaintiff has not complied with the statute. § 13-20-602(4) ("The failure to file a certificate of review in accordance with this section *shall* result in the dismissal of the complaint, counterclaim, or cross claim.") (emphasis added); *see Miller v. Rowtech, LLC*, 3 P.3d 492, 495 (Colo. App. 2000).

## C. The Necessity of a Certificate of Review for Woo's Claims against Bednarski

¶ 16    Woo brought claims against Bednarski for (1) willful breach of fiduciary duty, (2) professional negligence, and (3) replevin (seeking return of Woo's property in Bednarski's possession).  Bednarski moved to dismiss for failure to file a certificate of review.  In granting the motion, the district court said,

> All of the claims against Bednarski would require expert testimony in order to establish the standard of professional competence that the plaintiff alleges were violated by Bednarski. Those claims don't need to specifically assert negligence in order to trigger the requirements of section 13-20-602.  That provision applies to all claims which require "proof of professional negligence as a predicate to recovery, regardless of the formal designation of such claims." *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995).  For instance, in this case a claim of Breach of Fiduciary Duty would require expert testimony to support the claim.

### 1. Professional Negligence

¶ 17    Woo's professional negligence claim alleged that Bednarski owed a duty of care to him, pursuant to Colo. RPC 1.16(d), which Bednarski breached after the conclusion of the representation by not notifying Woo of court filings and by failing to advise him on

9

how to get his property back.  Contrary to Woo's contention, a violation of an attorney's duties under Colo. RPC 1.16(d) is not as obviously identifiable as a failure to comply with the statute of limitations.  *See Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. App. 2005) (holding that a certificate of review is not required when the claim involves failure to timely file a claim, because the negligent nature of such conduct is "so apparent as to make expert evidence as to the standard of care and deviation therefrom unnecessary" (quoting *Allyn v. McDonald*, 910 P.2d 263, 266 (Nev. 1996))).  Indeed, the preamble to the Colorado Rules of Professional Conduct states that a "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached." Colo. RPC Preamble ¶ 20.

¶ 18  Instead, this claim requires expert testimony on the duty of care owed following the termination of the representation and how Bednarski breached that duty of care.  A lay person would not be able to determine whether it was reasonable for Bednarski to not advise Woo on how to retrieve his property or notify him of court filings once the representation ended.  Thus, the district court did

not abuse its discretion by determining that a certificate of review was required for Woo's professional negligence claim. *See Kelton v. Ramsey*, 961 P.2d 569, 571 (Colo. App. 1998) (noting that the plaintiff's claims were based on the defendant's alleged breach of her professional duties to provide effective assistance of counsel and thus would require expert testimony to establish the extent of such duties).

### 2. Willful Breach of Fiduciary Duty

¶ 19    Woo's willful breach of fiduciary duty claim similarly alleged that "Bednarski had a fiduciary duty to employ that degree of care, knowledge, skill, and judgment ordinarily possessed by members of the legal profession in carrying out the services for their client"; a duty of loyalty and good faith; and a duty to represent him with due diligence. Woo alleged that Bednarski breached these duties by not objecting to a discovery violation, failing to prepare for his trial until one month before, agreeing to a protective order, and intentionally depriving him of his case files and digital property. This claim required expert testimony on the scope of Bednarski's professional duties and how he failed to comply with those duties because a

11

layperson would not be able to determine whether Bednarski's actions and inactions were reasonable.

¶ 20    Further, the fact that Woo alleges that Bednarski *intentionally* deprived him of his case files and digital property does not mean that this claim does not sound in negligence. *See Williams*, 72 P.3d at 399-400 (concluding that a certificate of review was required for a fraudulent misrepresentation claim where the plaintiff was required to prove, among other elements, a knowing misrepresentation of material fact, but that proof of such knowledge required an underlying showing of a duty of care). Here, to establish a willful violation of Bednarski's fiduciary duty, Woo would have to present expert testimony on the scope of that duty. Therefore, again, the district court's determination that a certificate of review was required for Woo's willful breach of fiduciary duty claim was not an abuse of discretion. *See Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992).

### 3.    Replevin

¶ 21    However, Woo's replevin claim, pursuant to C.R.C.P. 104, did not allege that Bednarski acted negligently. Rather, Woo merely alleged that Bednarski refused to surrender any of Woo's case files

12

and materials, as well as Woo's personal property, and that this detention was wrongful.

¶ 22     Replevin is a possessory action in which a claimant seeks to recover both possession of personal property that has been wrongfully taken or detained and damages for its unlawful detention. C.R.C.P. 104(a), (p). The "basic elements" of a replevin claim are "the plaintiff's ownership or right to possession, the means by which the defendant came to possess the property, and the detention of the property against the rights of the plaintiff." *City & Cnty. of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759, 764 (Colo. 1992).

¶ 23     Contrary to Bednarski's assertion, Woo does not have to prove that Bednarski committed professional negligence as a prerequisite to proving that he wrongfully retained Woo's property; rather, Woo will need to prove that Bednarski retained his property against his rights. Standing alone, Woo's replevin claim is not based on allegations of professional negligence, nor is expert testimony required to establish a prima facie case. A certificate of review for this claim is accordingly not required. Therefore, the district court

erred by requiring Woo to file a certificate of review for this claim and, consequently, erred by dismissing Woo's replevin claim.

### D. Constitutional Challenge to the Certificate of Review Requirement

¶ 24 Finally, we disagree with Woo's contention that, because he is indigent, the district court's dismissal of his claims against Bednarski for failure to file a certificate of review violated his right to due process and equal protection under the Fourteenth Amendment to the United States Constitution and article II, section 25 of the Colorado Constitution, as well as his right to access the courts under article II, section 6 of the Colorado Constitution.

### 1. As-Applied Challenge

¶ 25 Woo does not contend that section 13-20-602 is unconstitutional on its face; therefore, his failure to comply with C.A.R. 44 — which requires the challenging party to notify the clerk of the supreme court in writing immediately upon initiating the challenge to the constitutionality of a statute — does not preclude us from addressing his as-applied challenge. *See In re J.M.A.*, 240 P.3d 547, 549 (Colo. App. 2010) (concluding that the facial challenge to the constitutionality of a statute was barred from

consideration because of failure to comply with C.A.R. 44 but considering the as-applied challenge).

¶ 26     A plaintiff bringing an as-applied challenge contends that the statute would be unconstitutional under the circumstances in which they acted or propose to act. *Sanger v. Dennis*, 148 P.3d 404, 410 (Colo. App. 2006). "The practical effect of holding a statute unconstitutional as applied is to prevent its future application in a similar context, but not to render it utterly inoperative. To achieve the latter result, the plaintiff must succeed in challenging the statute on its face." *Id.* at 411 (quoting *Ada v. Guam Soc'y of Obstetricians & Gynecologists*, 506 U.S. 1011, 1012 (1992) (Scalia, J., dissenting)).

## 2.     Standard of Review

¶ 27     We review de novo whether a statute is constitutional as applied. *Adams v. Sagee*, 2017 COA 133, ¶ 5. "Because we presume statutes are constitutional, to succeed on an as-applied challenge, the challenger must establish the unconstitutionality of the statute, as applied to [them], beyond a reasonable doubt." *No Laporte Gravel Corp. v. Bd. of Cnty. Comm'rs*, 2022 COA 6M, ¶ 40.

### 3. Analysis

#### a. Due Process and Equal Protection

¶ 28    We first disagree with Woo's contention that his due process and equal protection rights under the Fourteenth Amendment to the United States Constitution and article II, section 25 of the Colorado Constitution were violated by enforcement of the certificate of review requirement.

¶ 29    "[T]he United States Constitution does not expressly provide for a right of access to courts." *See State Farm Mut. Auto. Ins. Co. v. Broadnax*, 827 P.2d 531, 534 (Colo. 1992). "The right of access to courts cannot be viewed alone because a person necessarily petitions the court to assert a substantive right." *City & Cnty. of Broomfield v. Farmers Reservoir & Irrigation Co.*, 239 P.3d 1270, 1277 (Colo. 2010). "The fundamental rights inquiry focuses on the substantive right that a person seeks to vindicate, not on the right to access the court." *Id.* Because Woo does not allege that his complaint seeks to vindicate a fundamental right, we do not address whether it does. *See Farmer v. Raemisch*, 2014 COA 3, ¶ 12 n.3 (declining to address whether complaint sought vindication of a fundamental interest where plaintiff did not argue that it did).

¶ 30    And "neither prisoners nor indigents constitute a suspect class for equal protection analysis purposes." *Collins v. Jaquez,* 15 P.3d 299, 303 (Colo. App. 2000).

¶ 31    Because no fundamental right is at issue and no suspect class is involved, we apply the rational basis test and will uphold the statute if it is rationally related to a legitimate state interest. *See id.* at 304.

¶ 32    The purpose of section 13-20-602 is "to provide an initial screening procedure for lawsuits founded upon professional negligence in an effort to eliminate, at the outset, meritless claims" and "the expense associated with" such claims. *State v. Nieto*, 993 P.2d 493, 503 (Colo. 2000). As our supreme court noted, the bill sponsor described the legislation as "a relatively straightforward effort to cut down on frivolous lawsuits." *Id.* (quoting Hearing on H.B. 1201 before the H. Judiciary Comm., 56th Gen. Assemb., 1st Reg. Sess. (Mar. 3, 1987) (statement of Representative David Bath, sponsor)). In other words, the aim of the statute is "to try to make an early determination in a case that the case has merit or if the case is frivolous, and build it into the procedure." *Id.* (quoting Hearing on H.B. 1201 before the H. Judiciary Comm., 56th Gen.

Assemb., 1st Reg. Sess. (Mar. 3, 1987) (statement of Neil Hillyard, President, Colorado Trial Lawyers Association)).[5]

¶ 33    The General Assembly's stated intent to limit lawsuits that impose an undue burden on the state judicial system because they are frivolous is a legitimate state interest. Requiring a plaintiff who brings claims based on professional negligence to find an expert to substantiate those claims early in the case is rationally related to furthering that interest. Accordingly, the certificate of review requirement does not violate constitutional guarantees of due process or equal protection.

b.    Access to Courts Under the Colorado Constitution

¶ 34    We also disagree with Woo that the certificate of review requirement violates his fundamental right of access to courts guaranteed by article II, section 6 of the Colorado Constitution.

¶ 35    Article II, section 6 of the Colorado Constitution provides: "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character;

---

[5] The supreme court described Mr. Hillyard as "a key drafter of the language of the bill." *State v. Nieto*, 993 P.2d 493, 503 (Colo. 2000).

and right and justice should be administered without sale, denial or delay."

¶ 36    Colorado has "diverged from the federal constitutional model by creating an express right of access to courts independent of constitutional due process guarantees." *Broadnax*, 827 P.2d at 535. Article II, section 6 of the Colorado Constitution protects initial access to courts. Thus, when a right accrues under law, the courts must be available to effectuate that right. *See State v. DeFoor*, 824 P.2d 783 (Colo. 1992).

¶ 37    "In a proper case . . . the right of free access to our courts must yield to the rights of others and the efficient administration of justice." *People v. Spencer*, 185 Colo. 377, 381-82, 524 P.2d 1084, 1086 (1974) (enjoining a pro se plaintiff who filed numerous unfounded lawsuits from proceeding pro se as a plaintiff in Colorado courts). And "[t]he right of equal access to courts does not necessarily mean that a litigant has the right to engage in cost-free litigation." *City & Cnty. of Broomfield*, 239 P.3d at 1278.

¶ 38    "Generally, a burden on a party's right of access to the courts will be upheld as long as it is reasonable." *Firelock Inc. v. Dist. Ct.*,

776 P.2d 1090, 1096 (Colo. 1989) (collecting cases demonstrating the extent of permissible burdens on the right of access to courts).

¶ 39    The certificate of review requirement is not unreasonable because Woo will inevitably be required to provide expert testimony to establish the standard of care that Bednarski owed to him and how Bednarski breached it.  Without such testimony, Woo's case would fail.  The certificate of review statute merely requires a plaintiff to establish at an early stage in the litigation that at least one professional believes that the claims based on professional negligence do not lack substantial justification.  Consequently, although the statute imposes an additional burden on the plaintiff in a case involving a licensed professional, it does not create an insurmountable barrier to a litigant whose case does not lack substantial justification.  And it promotes the goal of efficient administration of justice.

¶ 40    Further, a district "court cannot waive costs payable to private parties." *Frazier v. Carter*, 166 P.3d 193, 196 (Colo. App. 2007); Chief Justice Directive 98-01, Costs for Indigent Persons in Civil Matters, § III (amended Mar. 2021) (providing that a court may not waive costs for indigent persons in civil matters for an obligation to

a person or entity other than the State of Colorado).  Nor does a certificate of review necessarily require a plaintiff to pay an expert and/or attorney.  As Woo acknowledges in his district court motions, he could have found a pro bono attorney or entered into a contingency fee relationship with one.  And he could have sought — and, in fact, did seek — a pro bono expert as well.

### c.    Woo's Efforts to Obtain a Certificate of Review

¶ 41    Woo also failed to establish that he was unable to file a certificate of review *solely* because he was indigent (or incarcerated).  Having previously been granted an extension of time, it was only after the action had been pending for over seven months that the district court dismissed the claims against Bednarski.  By allowing Woo an extension of time to file the certificate of review, the district court assured Woo's right to meaningful court access was upheld.  *See Sherman v. Klenke,* No. 11-cv-03091-PAB-CBS, 2014 WL 12939925, at *4 (D. Colo. Feb. 20, 2014) (unpublished opinion) (finding that the certificate of review requirement was not unconstitutional as applied where the "plaintiff has been afforded far more than the statutorily mandated sixty days to file a Certificate of Review" and had received multiple extensions of time).

21

¶ 42     Woo had also apparently been able to identify and communicate with potential attorneys and experts regarding certificates of review.  *See id.* (noting that the "plaintiff does not argue, and there is no indication in the record, that his ability to contact lawyers and physicians was unconstitutionally restricted or frustrated").  According to Woo's motions, one month after he filed the complaint, he began contacting attorneys and enlisted the help of his sister to do so as well.  After no attorney would represent him pro bono, Woo sought representation on a contingency fee basis, which "encompass[ed] a search for an expert to complete a certificate of review" should it become necessary.  Woo also said that he "search[ed] for an expert to fulfill [the] certificate of review [requirement], as it was a more realistic approach than soliciting attorneys to do a certificate of review pro bono."

¶ 43     Woo's sister also contacted attorneys within three to four months after the complaint was filed.  And Woo had her specifically contact attorneys about the certificate of review.  *See id.* (noting that there was no "indication plaintiff was limited to contacting only those professionals listed in a prison law library" but rather "plaintiff 'personally and with the help of family members' contacted

30 attorneys and 25 physicians"). Although Woo noted that many attorneys did not respond, others declined to assist him without inquiring into the facts of the case or asking for more information. *See id.* (rejecting the plaintiff's argument that his constitutional injury stemmed from attorneys' and doctors' unwillingness to work with incarcerated, pro se litigants).

¶ 44 In sum, Woo did not show that he has been unable to find an expert to opine that his claims did not lack substantial justification *solely* because he is indigent. In fact, the record shows that Woo and his sister were able to contact multiple attorneys and experts. Finally, we may not speculate that Woo was turned down in his pursuit of expert certification solely because he is indigent; he may have been turned down for other reasons, including the potential expert's opinion that his claim lacked substantial justification.

¶ 45 Accordingly, we conclude that the certificate of review requirement is not unconstitutional as applied.

IV. Disposition

¶ 46 We reverse the district court's judgment dismissing the claims against Baez and Medina and remand with instructions to authorize substituted service. We reverse the district court's judgment

dismissing the replevin claim against Bednarski and remand for further proceedings on that claim. We affirm the judgment dismissing the remaining claims against Bednarski.

JUDGE YUN and JUDGE VOGT concur.